■ ANTHONY L. SCACCIA et al., Respondents, v MACK TRUCKS, INC., Appellant. — In an action to recover damages for false imprisonment, malicious prosecution and negligence, defendant appeals from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated May 5, 1980, as denied that branch of his motion which was to dismiss the second cause of action of plaintiffs' complaint for malicious prosecution and granted plaintiffs leave to replead their third cause of action. Order modified, on the law, by deleting the second decretal paragraph thereof. As so modified, order affirmed insofar as appealed from, with one bill of $50 costs and disbursements payable to the defendant. As per CPLR 3211 (subd [e]), "leave to plead again shall not be granted unless the court is satisfied that the opposing party has good ground to support his cause of action or defense". The evidence should be in the form of affidavits of those with direct knowledge of the facts (see *Rovello v Orofino Realty Co.*, 40 NY2d 633; *Young v Nelson*, 23 AD2d 531). Insofar as the plaintiffs' application for leave to replead was submitted in the context of an attorney's affirmation, the requisite proof is lacking. Accordingly, leave to replead should have been denied. Furthermore, we note that plaintiffs have set forth a complaint which alleges the requisite elements of malicious prosecu-

tion (see *Broughton v State of New York,* 37 NY2d 451) and therefore the branch of the motion which was to dismiss that cause of action was properly denied (see *Rovello v Orofino Realty Co., supra).* Whether, on the facts, plaintiffs can ultimately prove their claim is a matter more properly left for trial or motion for summary judgment. Any decision on the merits of this claim would be premature at this juncture. Gulotta, J.P., O'Connor and Bracken, JJ., concur.

Cohalan, J., dissents in part, insofar as the majority affirms that part of the order denying the branch of the defendant's motion which was to dismiss the cause of action alleging malicious prosecution and votes to dismiss said cause of action, with the following memorandum: This appeal arises from the criminal prosecution of plaintiff Anthony Scaccia based upon his possession of an eight-cylinder engine which had previously been stolen from the defendant. The defendant had reported the theft to the local police in New Jersey. The New York City Police Department received notification of the theft and eventually succeeded in locating one of the engines, which was admittedly in Scaccia's possession. He was arrested by the New York City Police Department and detained for approximately six months before the charge against him was dismissed and he was released from custody. He thereupon commenced the instant action against the defendant for damages for false imprisonment, malicious prosecution and negligence. The defendant then moved for an order dismissing the causes of action for legal insufficiency pursuant to CPLR 3211 (subd [a], par 7). Special Term, *inter alia,* granted the defendant's motion except as to the cause of action for malicious prosecution. The record reveals that the defendant's sole factual involvement in Scaccia's arrest was in reporting to the police that its engines had been stolen. Absent proof that a defendant has commenced or continued a criminal prosecution against a plaintiff without probable cause therefor and with actual malice, a prima facie case of malicious prosecution has not been set forth and the action may not be sustained *(Broughton v State of New York,* 37 NY2d 451, cert den *sub nom. Schanbarger v Kellogg,* 423 US 929; *Loeb v Teitelbaum,* 77 AD2d 92). Insofar as the elements of commencement, probable cause of actual malice have not been proven on the facts herein, the cause of action for malicious prosecution should also have been dismissed, notwithstanding the termination of the criminal action in his favor.