NOJAIM BROS., INC., Respondent, v CNA INSURANCE COMPA-
NIES, Defendant, and FAYETTE AGENCY, INC., et al., Appel-
lants. (Appeal No. 1.)

NOJAIM BROS., INC., Appellant, v CNA INSURANCE COMPANIES,
Respondent, and FAYETTE AGENCY, INC., et al., Appellants.
(Appeal No. 2.)

NOJAIM BROS., INC., Appellant, v FIREMAN'S FUND INSURANCE
COMPANIES, Respondent. (Appeal No. 3.)

Fourth Department, November 15, 1985

## APPEARANCES OF COUNSEL

*Saperston, Day, Lustig, Gallick, Kirschner & Gaglione, P. C. (Lawrence A. Schulz* of counsel), for Fayette Agency, Inc., and another, appellants in appeals Nos. 1 and 2.

*John B. Vita* for Nojaim Bros., Inc., appellant in appeals Nos. 2 and 3 and respondent in appeal No. 1.

*Sugarman, Wallace, Manheim & Schoenwald (James G. Stevens* of counsel), for CNA Insurance Companies, respondent in appeal No. 2.

*Carl J. Cochi* for Fireman's Fund Insurance Companies, respondent in appeal No. 3.

## OPINION OF THE COURT

SCHNEPP, J.

In this action plaintiff seeks a declaration that the defendant CNA Insurance Companies is required to provide defense and indemnification under a commercial umbrella liability policy in an action for personal injuries resulting from an alleged negligent and illegal sale of intoxicating beverages and in any and all actions alleging liquor law liability arising during the policy period and that defendants Fayette Agency, Inc., and Walter A. Harig are liable for its legal expenses and costs. Plaintiff is engaged in a supermarket business, Fayette Agency, Inc., is in the insurance agency business and is a preferred agent for Continental Casualty Co., a member of the insurance company group of codefendant CNA, and Walter A. Harig is Fayette's chief executive officer. The policy was issued to plaintiff by CNA through Fayette.

The following facts appear from the moving papers in connection with motions and cross motions for summary judgment. Under the insurance company's "Preferred Agency Agreement" with Fayette, the agency had no authority to bind CNA to any "Property and Liability Excess and Surplus" contract without CNA's written authorization. Under this

agreement Fayette agreed "not to alter, modify, waive or change any of the provisions or conditions of [CNA] insurance contracts, bonds, rates, rating rules or rating plans", and was granted authority to bind insurance contracts covered by the agreement "only as specifically authorized from time to time by [CNA] in writing", and to countersign such classes of risks written under the agreement. The insurance policy which CNA authorized Fayette to issue to plaintiff effective from December 6, 1981 to December 7, 1982 contained indorsement G32592C that excluded liability coverage for personal injuries resulting from the insured's sale of alcoholic beverages. When advised that the policy exclusion was not acceptable, Harig informed plaintiff that he had the authority to bind CNA, and he "physically removed" the liquor law liability exclusion indorsement from the policy and assured plaintiff that the policy covered liquor law liability. Harig then countersigned the policy as CNA's duly authorized agent, a procedure specifically required under the policy to give it validity. The policy as delivered to plaintiff recited that the indorsement G32592C, which Harig had deleted, constituted a part of the policy at time of issue, along with other numbered indorsements. However, Harig failed to notify CNA of the deletion until he reviewed the renewal policy in November 1982 which contained the same exclusion which CNA then deleted at his request. A short time later a damage suit was instituted against plaintiff, alleging the sale of intoxicating beverages by plaintiff to a minor on May 16, 1982. CNA denied coverage, based on the exclusionary clause contained in the policy it initially authorized Fayette to issue.

Plaintiff appeals Special Term's grant of summary judgment to CNA dismissing its complaint, contending: (1) that Harig had actual or apparent authority to modify the policy issued by CNA, or (2) that CNA is bound by Harig's unauthorized act because plaintiff was unaware of the extent of his authority. Fayette and Harig also appeal Special Term's grant of summary judgment to plaintiff and to CNA on its cross claim, contending that (1) CNA's proof was insufficient to support summary judgment, (2) Fayette and Harig had authority to modify CNA's policies or that there was at least a question of fact concerning their authority, and (3) CNA is estopped from denying the existence of Fayette's and Harig's authority.

The limitations on Fayette's authority under the "Preferred Agency Agreement" are conceded, except that Harig in his supporting affidavit claims that the course of dealing between

Fayette and CNA was otherwise and that it was "too impractical for a general agent to await written permission before modifying a policy". He contends that he pursued an accepted industry practice of modifying the policy and then notifying the insurer and that on several prior occasions modifications were made in insurance contracts issued by CNA and, although CNA was thereafter advised, it made no objection to or comment concerning such modification. Harig avers that it was a mistake to include the indorsement in the policy since it was "unusual" to include such indorsement in an umbrella policy for a grocery store, that Fayette was authorized to modify CNA's contract and that the removal of the indorsement in question was "entirely proper". He states that the only irregularity in the present case was the failure to notify CNA after the liquor liability exclusion indorsement was deleted from plaintiff's policy. However, in his view CNA would not have refused to issue the policy as modified and that the delay in communicating notice to CNA "neither increased the risk nor caused the insurance company any damage".

Special Term, in dismissing all claims against CNA and in holding that Fayette and Harig were liable to plaintiff for not procuring the insurance coverage it requested, found that CNA's assertions that it had not represented to plaintiff in any way that Fayette or Harig had authority to modify the insurance contract were not disputed. Special Term, moreover, held that the agreement between CNA and Fayette does not grant Fayette authority to modify the insurance contract, that the insurance policy as issued by CNA excluded coverage pertinent to the underlying action for damages and that Fayette did not meet its burden of proof to create an issue of fact concerning its authority.

We agree with plaintiff and Fayette and Harig that in some instances an insurer is bound by its agent's act even though that act exceeds the agent's actual or implied authority. This result has been reached where the insurer's general agent acted within its apparent authority (*Cees Rest. v Lobdell,* 15 NY2d 275, 281-282; *Abbott v Prudential Ins. Co.,* 281 NY 375, 379; *Corklite Co. v Rell Realty Corp.,* 249 NY 1, 7; *Ruggles v American Cent. Ins. Co.,* 114 NY 415, 421-422; *Kramnicz v First Natl. Bank,* 32 AD2d 1009, 1011-1012). It is noted, however, that "[e]ssential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that

the agent possessed authority to enter into a transaction. The agent cannot by his own acts imbue himself with apparent authority". *(Hallock v State of New York,* 64 NY2d 224, 231; *accord, Greene v Hellman,* 51 NY2d 197, 204; *Ford v Unity Hosp.,* 32 NY2d 464, 473.)* Plaintiff has not alleged in its complaint or moving papers that CNA ever made representations to it or acted toward it in a manner that could give rise to the appearance and belief that Fayette was authorized to modify insurance policies. Rather, plaintiff alleges that Fayette held itself out as being so authorized and that plaintiff relied on that representation. The narrow issue framed on this appeal is whether Fayette and Harig possessed actual authority to modify the CNA insurance contract.

The insurance policy, as modified by Harig, covers plaintiff's liquor law liability and in our view CNA is bound on the terms of the policy received by the plaintiff if the insurance agency possessed actual or implied authority to alter CNA's authorized insurance policy and delete the indorsement at issue *(see, Ford v Unity Hosp.,* 32 NY2d 464, 472, *supra; Harriss v Tams,* 258 NY 229, 235). Conversely, if the insurance agency did not have such actual or implied authority, but in fact acted outside its authority, the agency may be liable to plaintiff *(see, Wittenberg v Robinov,* 9 NY2d 261, 264; *Harriss v Tams, supra,* p 234; 3 NY Jur 2d, Agency, § 284; *see also, MacDonald v Carpenter & Pelton,* 31 AD2d 952, 953; *Joseph, Inc. v Alberti, Carleton & Co.,* 225 App Div 115, *affd* 251 NY 580).

CNA submitted the agency agreement and various schedules with its papers which expressly deny Fayette authority to alter, modify, waive or change any of CNA's insurance contracts. Harig alleged in his affidavit, however, that the agreement "does not reflect the realities of the parties' relationship" and that the specific provisions concerning the agency's authority have been "historically disregarded" and he made general reference to several prior modifications of insurance contracts which were not objected to by CNA. Further, he stated that "based upon prior dealings between the parties, custom and habit in the industry, and CNA's actions regarding the renewal of the policy at issue * * * [that the agency] was authorized to do as it did".

A written contract may be modified by implication from the acts and conduct of the parties (22 NY Jur 2d, Contracts, § 414; *see, Martin v Peyton,* 246 NY 213, 218; *Beacon Term. Corp. v Chemprene, Inc.,* 75 AD2d 350, 354; *Webster's Red Seal*

*Pub. v Gilberton World-Wide Pub.,* 67 AD2d 339, 343, *affd* 53 NY2d 643). This general contract principle also applies in insurance law *(see,* 29 NY Jur, Insurance, § 431). "For instance, an agent's authority to modify or alter a policy may be inferred from a course of dealing acquiesced in by the principal" (29 NY Jur, Insurance, § 432, at 418, *accord,* 3 Couch, Cyclopedia of Insurance Law § 26:26 [2d rev ed 1984]; Restatement [Second] of Agency § 7 comment c; § 43). An agent's authority can thus be actual authority pursuant to an agency agreement or a modification of that agreement that can be proved circumstantially, or implied authority where the principal acts toward the agent so as reasonably to give an appearance of authority *(see, Greene v Hellman,* 51 NY2d 197, 204). "[I]mplied actual authority * * * is dependent on verbal or other acts by a principal which reasonably give an appearance of authority to conduct the transaction [and] * * * must be brought home to the agent" *(supra,* p 204).

In our view Fayette and Harig have raised an issue of fact concerning the agency's actual or implied actual authority to alter or modify CNA's authorized insurance policies. The issue of fact relates not to what CNA communicated to plaintiff so as to give rise to liability predicated on the agency's apparent authority, but to the nature and extent of the authority given by CNA to the agency.

The principle does not need repeating that summary judgment is a drastic remedy and should not be granted whenever there is any doubt as to the existence of a factual issue *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404) or whenever a factual issue is "arguable" *(Barrett v Jacobs,* 255 NY 520, 522) or whenever the court must engage in factual "issue-determination" rather than " 'issue-finding' " *(Sillman v Twentieth Century-Fox Film Corp., supra,* p 404). The parties' proof must be scrutinized "in the light most favorable to the party opposing the motion" *(Goldstein v County of Monroe,* 77 AD2d 232, 236; *Renda v Frazer,* 75 AD2d 490, 495-496). Moreover, if conflicting inferences may be drawn from the proof concerning an agent's scope of authority, the question is for the fact finder *(Ahl v Martin,* 82 AD2d 938; *Garcia v Herald Tribune Fresh Air Fund,* 51 AD2d 897).

We hold that the allegations concerning the course of dealing between CNA and the insurance agency are sufficient to raise a material issue of fact regarding the agency's actual or implied authority. Viewing the proof most favorably to the

insurance agency, CNA has not proved that the agency does not have authority to alter its policies. Moreover, viewing the proof most favorably to CNA, the agency has not proved that it has such authority either. An issue of fact exists to be determined at trial where an informed finding can be made regarding the actual relationship between CNA and Fayette and Harig.

Accordingly, the motion of plaintiff for summary judgment against Fayette and Harig should be denied and the motions of CNA for summary judgment against plaintiff and Fayette and Harig should have also been denied and the judgment entered thereon vacated.

HANCOCK, JR., J. P., CALLAHAN, DOERR and PINE, JJ., concur.

Appeal No. 1—Order unanimously reversed, on the law, without costs, and motion denied.

Appeal No. 2—Order unanimously modified, on the law, by denying the cross motion of defendant CNA Insurance Companies for summary judgment against plaintiff and defendants Fayette Agency and Walter Harig and, as modified, affirmed, without costs, and the judgment entered thereon dismissing plaintiff's complaint against CNA Insurance Companies vacated.

Appeal No. 3—Order and judgment unanimously affirmed, without costs.