■ LEONARD ELLIS, Appellant, v METLIFE SECURITY INSURANCE COMPANY OF NEW YORK, Respondent, et al., Defendant. —Order insofar as appealed from unanimously modified, on the law, by reinstating the fourth cause of action and as modified, affirmed, without costs. Memorandum: In December 1980 plaintiff Leonard Ellis, a City of Fulton police officer, purchased a disability insurance policy from defendant insurance company through its agent, Larry Freedman. Plaintiff alleges that Freedman told him he would receive $600 per

month for life so long as he was unable to perform the duties of a police officer because of an accidental injury. Approximately one year later, plaintiff fell from a building while he was on duty and sustained a multiple fracture of his left heel. He was never able to return to police service.

Plaintiff applied for disability benefits under his policy and, after the initial 30-day waiting period, received $600 per month for two years, at which time his benefits ceased. Upon inquiry, defendant insurer informed plaintiff that because plaintiff was now gainfully employed outside of police service, he was no longer disabled within the meaning of the policy. Plaintiff commenced this action against the insurance company and its agent Freedman, alleging breach of contract, fraudulent and negligent misrepresentation, respondeat superior and estoppel. Both defendants moved for summary judgment. Special Term denied Freedman's motion for summary judgment, holding that plaintiff had raised sufficient factual questions concerning Freedman's alleged misrepresentations of the terms of the policy to require a trial. However, Special Term granted the insurance company's motion for summary judgment in its entirety, and dismissed plaintiff's complaint against it. Plaintiff appeals from that determination.

We conclude that Special Term correctly dismissed plaintiff's cause of action for breach of contract. Where the provisions of an insurance contract are clear and unambiguous, they must be enforced as written (State of New York v Home Indem. Co., 66 NY2d 669, 671; Newin Corp. v Hartford Acc. & Indem. Co., 62 NY2d 916, 919; Breed v Insurance Co., 46 NY2d 351, 355, rearg denied 46 NY2d 940; Prince v ITT Life Ins. Corp., 89 AD2d 779, 780). In our view, the definition of total disability contained in the policy clearly sets forth the duration of benefits payable following an accidental injury. The insured would receive benefits for two years if he was unable to perform the duties of a police officer, and, after that, benefits would continue for as long as the insured was unable to be otherwise gainfully employed, the maximum duration of the benefits being for life. No other clause in the contract is inconsistent with this definition, and the entire policy, read and interpreted as a whole, is clear and unambiguous.

We determine, however, that Special Term erred in dismissing plaintiff's claim of respondeat superior in his fraud cause of action against the insurance company. Plaintiff has presented sufficient evidence to raise a factual question concerning whether Freedman, in misrepresenting the terms of the policy, was acting within the scope of actual or apparent

authority, thereby making the company liable for his conduct. Apparent authority is created by " 'words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possessed authority to enter into a transaction' " *(Nojaim Bros. v CNA Ins. Cos.,* 113 AD2d 109, 112-113; *see also, Hallock v State of New York,* 64 NY2d 224, 231). A third party is entitled to rely on the agent's apparent authority so long as this reliance is reasonable *(Hallock v State of New York, supra,* at 231, citing *Wen Kroy Realty Co. v Public Natl. Bank & Trust Co.,* 260 NY 84, 92-93). The gravamen of plaintiff's remaining claim is that he relied on the representations of agent Freedman concerning the terms of his disability policy and, therefore, he did not read his policy to discover that the actual terms differed from his understanding, all to his detriment. In our view, it might have been reasonable for plaintiff to believe that this insurance agent was authorized by the company to explain the terms of the company's product to potential customers, and to rely on such authority. The company provided Freedman with application forms bearing the company name, and was aware that he was conducting seminars at places of employment and holding himself out to be soliciting applications on the company's behalf. This evidence raised a factual question concerning Freedman's authority to bind the insurance company sufficient to preclude summary judgment. (Appeal from order of Supreme Court, Oswego County, Sullivan, J.—summary judgment.) Present—Doerr, J. P., Denman, Green, Balio and Davis, JJ.