■ Rocco PENNA et al., Appellants, v JENNIE CARATOZZOLO, Respondent.—In an action to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Kings County (Williams, J.), entered August 20, 1986, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiffs are the two sons and the granddaughter of Angelina Penna. The defendant is Angelina's daughter. In 1976, Angelina executed a will which bequeathed a certain piece of real property she owned to the parties in this action. In May 1980 Angelina transferred this property to the defendant. Angelina died in December 1980. The plaintiffs commenced this action in August 1982 alleging that the defendant fraudulently induced the decedent to convey the property with the intent to defraud the plaintiffs.

A review of the complaint reveals that the plaintiffs failed to supply any details as to how the alleged fraud was perpetrated, as required by CPLR 3016 (b). Indeed, the complaint contains nothing but conclusory assertions of fraud without any facts to support a finding that any fraudulent act was committed (see, Glassman v Catli, 111 AD2d 744; Gill v Caribbean Home Remodeling Co., 73 AD2d 609). In particular, the complaint fails to set forth any facts alleging the required false representation or its equivalent (see, Lanzi v Brooks, 54

AD2d 1057, *affd* 43 NY2d 778). The rule, as recently restated by this court in *Gervasio v Di Napoli* (126 AD2d 514), is that "[b]are allegations of fraud without any allegation of the details constituting the wrong are clearly insufficient to sustain such a cause of action" *(see also, Lapis Enters. v International Blimpie Corp.,* 84 AD2d 286; *Gill v Caribbean Home Remodeling Co., supra).*

The plaintiffs' contention that they should be granted leave to replead is without merit since they failed to establish by extrinsic evidence that by repleading they would be able to state a cause of action *(see, Scaccia v Mack Trucks,* 83 AD2d 903; *Metro Envelope Corp. v Westvaco,* 72 AD2d 695). Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.