■ RICHARD ZIGABARRA et al., Appellants, v ROBERT FALK, Defendant, and SEARS, ROEBUCK & Co. et al., Respondents.—In an action to recover damages for breach of contract, the plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Wood, J.), entered June 3, 1987, which dismissed the complaint insofar as it is asserted against the defendants Sears, Roebuck & Co. (hereinafter Sears) and Coldwell Banker, Inc. (hereinafter Coldwell) for failure to state a cause of action, and denied leave to replead, and (2), as limited by their brief, from so much of an order of the same court (Wood, J.), entered October 5, 1987, as, upon granting renewal and reargument, adhered to its original determination.

Ordered that the appeal from the order entered June 3, 1987, is dismissed, as that order was superseded by the order entered October 5, 1987, made upon reargument; and it is further,

Ordered that the order entered October 5, 1987, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The defendant Robert Falk was associated as real estate salesperson with a firm operated by the defendant Coldwell. In response to a newspaper advertisement placed by Coldwell, the plaintiffs visited the Coldwell office. Following their discussions with Falk, the plaintiffs agreed to purchase a parcel of real property located in Cortlandt Township, Westchester County. At this time, Falk further represented that he was a general contractor capable of constructing prefabricated modular residences. On August 13, 1985, Falk and the plaintiffs entered into a contract for the purchase and installation of a preassembled home. The contract price was $86,500. Falk commenced construction of the modular unit and the plaintiffs paid Falk $17,300 towards the purchase price.

Dissatisfied with the placement, workmanship and landscaping of their modular home, the plaintiffs brought an action asserting, *inter alia*, "[t]hat in all these undertakings, Defendant Falk acted with the apparent authority of Defendants Sears and Coldwell." Sears was named as a defendant since Coldwell operates as a Sears subsidiary. In support of their contention, the plaintiffs state that all negotiations regarding the sale of the modular residence took place at Coldwell's office. This, the plaintiffs argue, led them to reasonably believe

that Falk was acting as the agent of Sears and Coldwell. The court granted the motion to dismiss due to the complaint's failure to allege sufficient factual circumstances to establish Falk's apparent authority. We agree and affirm.

It is well established that the scope of an agent's authority includes not only the actual authorization delegated by the principal, but also, in some cases, the apparent or ostensible authority to perform an act (see generally, 2 NY Jur 2d, Agency, §§ 84-89). "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction. The agent cannot by his own acts imbue himself with apparent authority" (Hallock v State of New York, 64 NY2d 224, 231; see, Greene v Hellman, 51 NY2d 197, 204; Ford v Unity Hosp., 32 NY2d 464, 473; UA-Columbia Cablevision v Franken Bldrs., 96 AD2d 509, 510). Importantly, a "[k]ey to the creation of apparent authority is that the third person, accepting the appearance of authority as true, has relied upon it" (Greene v Hellman, supra, at 204). However, "a third party with whom the agent deals may rely on an appearance of authority only to the extent that such reliance is reasonable" (Hallock v State of New York, supra, at 231; see, Ellis v Metlife Sec. Ins. Co., 130 AD2d 951, 953). In the case at bar, the plaintiffs fail to allege the manner in which Sears or Coldwell communicated, by words or conduct, anything which would indicate that Falk was selling modular homes on their behalf. Furthermore, the contract clearly indicates that the plaintiffs were entering this transaction solely with Falk and, accordingly, any reliance upon Falk's apparent authority was unreasonable. For this same reason, we reject the plaintiffs' reliance upon the doctrine of respondeat superior (see, Riviello v Waldron, 47 NY2d 297, 302-303). The contract manifests the fact that Falk's actions were solely for his personal ends, rather than in furtherance of or incident to Coldwell's business (see, Horowitz v Sears, Roebuck & Co., 137 AD2d 492). A motion to dismiss a complaint for failure to state a cause of action must be granted where, as here, the allegations consist of "bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence" (SRW Assocs. v Bellport Beach Prop. Owners, 129 AD2d 328, 331).

Finally, we find that the plaintiffs' contention that they should be afforded leave to replead is without merit since they failed to demonstrate by extrinsic evidence that by repleading

they would be able to state a cause of action *(see, Penna v Caratozzolo,* 131 AD2d 738, 739; *Scaccia v Mack Trucks,* 83 AD2d 903). For these reasons, the court correctly adhered to its original determination upon granting renewal and reargument. Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.