■ LAKESIDE CONSTRUCTION, INC., et al., Appellants-Respondents, v DEPEW & SCHETTER AGENCY, INC., Respondent-Appellant, and HANOVER INSURANCE COMPANY, Respondent, et al., Defendant.—In an action for a judgment declaring the rights and obligations of the parties under a binder for comprehensive liability insurance, the plaintiffs appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated March 18, 1988, as granted so much of the defendant Hanover Insurance Company's motion which was for summary judgment dismissing the complaint insofar as it is asserted as against it, and (2) from so much of a judgment of the same court, entered May 5, 1988, as is in favor of the Hanover Insurance Company and against them, and the defendant Depew & Schetter Agency, Inc. cross-appeals from the same judgment.

Ordered that the appeal from the order dated March 18, 1988 is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the order is vacated, and the motion of the defendant Hanover Insurance Company insofar as it was for summary judgment dismissing the complaint insofar as it is asserted against it is denied; and it is further,

Ordered that the defendant Depew & Schetter's cross appeal from the judgment is dismissed, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the plaintiffs are awarded one bill of costs, payable by Hanover Insurance Company.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In this action, the plaintiffs seek, inter alia, a declaration that the defendant Hanover Insurance Company (hereinafter Hanover) is required to defend and indemnify them with respect to a claim which arose on August 18, 1986. Hanover's alleged obligation is based on an insurance binder issued by the defendant Depew & Schetter Agency, Inc. (hereinafter Depew) on August 8, 1986. Hanover moved for summary judgment on the ground that Depew was discharged as Hanover's agent on June 12, 1986, and was therefore without authority to bind Hanover after that date. The Supreme Court granted the defendant Hanover's motion for summary judgment, finding no triable issues of fact with respect to Depew's apparent authority in issuing the subject binder. We disagree.

The Court of Appeals discussed the meaning of apparent authority in *Hallock v State of New York* (64 NY2d 224, 231), wherein it stated: "Essential to the creation of apparent authority are words or conduct * * * giv[ing] rise to the appearance and belief that the agent possesses authority to enter into a transaction. The agent cannot by his own acts imbue himself with apparent authority. 'Rather, the existence of "apparent authority" depends upon a factual showing that the third party relied upon the misrepresentations of the agent because of some misleading conduct on the part of the principal—not the agent' " (quoting *Ford v Unity Hosp.*, 32 NY2d 464, 473).

Viewing the competing claims in a light most favorable to the party opposing the motion *(see, Nojaim Bros. v CNA Ins.*

*Cos.,* 113 AD2d 109), we find sufficient evidence in the plaintiffs' complaint and moving papers from which misleading conduct on the part of Hanover can be inferred, which conduct may have created the appearance of Depew's authority to issue the subject binder *(see, Ellis v Metlife Sec. Ins. Co.,* 130 AD2d 951; *Nojaim Bros. v CNA Ins. Cos., supra,* at 114-115). In light of the triable issue of fact as to whether Depew had apparent authority to bind the defendant Hanover, it was error to invoke the drastic remedy of summary judgment *(see, Dowsey v Megerian,* 121 AD2d 497, 498). Mangano, J. P., Lawrence, Kunzeman and Eiber, JJ., concur.