■ HENRYK LEJKOWSKI, Appellant, v GEORGE PETROU et al., Respondents.—In an action to set aside a transfer of an interest in real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Lama, J.), entered November 28, 1989, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

We find the plaintiff's allegations that he relied on misrepresentations by the defendants as to the nature of the agreement and deed he was signing to be both flatly contradicted by the documentary evidence submitted by the defendants and incredible (see, Zigabarra v Falk, 143 AD2d 901; SRW Assocs. v Bellport Beach Prop. Owners, 129 AD2d 328; Roberts v Pollack, 92 AD2d 440). Moreover, given the business context of the transaction and the absence of any allegation that he was prevented from reviewing the agreement and deed, the plaintiff is presumed to have read them and cannot rely on any alleged contrary oral representations (see, Humble Oil & Ref. Co. v Jaybert Esso Serv. Sta., 30 AD2d 952; see generally, Florence v Merchants Cent. Alarm Co., 51 NY2d 793). The Supreme Court thus properly dismissed the complaint for the plaintiff's failure to allege the elements of fraud (see, CPLR 3211 [a] [7]; Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc., 88 AD2d 461; Brown v Lockwood, 76 AD2d

721). Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.