■ Lovisa Construction Co., Inc., Appellant, v Metropolitan Transportation Authority et al., Defendants, and Chemical Securities, Inc., et al., Respondents. [603 NYS2d 886] —In an action, inter alia, to recover damages for breach of fiduciary duty and conversion, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated July 9, 1991, as granted the motion of the defendants Chemical Securities, Inc., and Chemical Bank to dismiss the complaint insofar as it is asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

A complaint is subject to dismissal pursuant to CPLR 3211 (a) (7) when the pleading is comprised of little more than bare legal conclusions and factual claims which are either inherently incredible or flatly contradicted by documentary evidence (see, Gertler v Goodgold, 66 NY2d 946, affg 107 AD2d 481; Lejkowski v Petrou, 178 AD2d 465; SRW Assocs. v Bellport Beach Prop. Owners, 129 AD2d 328). Upon a review of the record we conclude that the plaintiff's essential claims against the defendants Chemical Bank and Chemical Securities, Inc., are "flatly contradicted" by documentary evidence.

Under Article 5.02 of the construction contract between the plaintiff contractor and the defendants Metropolitan Transportation Authority and the New York City Transit Authority (hereinafter the MTA), the MTA was entitled to retain 5% of

funds due to the plaintiff to ensure satisfactory performance of that contract. Article 5.04 enabled the plaintiff to draw upon these funds by purchasing and depositing certain approved bonds with the MTA as substitute security for the cash, in accord with General Municipal Law § 106. Article 5.04 (e) and Article 5.05 gave the MTA the right to sell the bonds upon a default causing loss. The bonds were purchased and deposited into a special MTA account established at Chemical Bank. Under the written contract between the MTA and Chemical Bank and Chemical Securities, Inc. (hereinafter Chemical), the MTA was the sole party for whose benefit the securities were to be kept and managed by Chemical, and the sole party authorized to instruct Chemical to take action with regard to these securities, which included selling them. It is undisputed that the MTA declared a default and ordered Chemical to sell the bonds deposited by the plaintiff and to turn over the proceeds to the MTA.

The crux of the plaintiff's complaint is that Chemical acted wrongfully in obeying the MTA instruction in the face of plaintiff's notification to Chemical objecting to the sale of the bonds. However, under the MTA contract with the plaintiff and the MTA contract with Chemical there simply was no ground upon which the plaintiff could ask Chemical to not carry out the MTA order. Chemical cannot be liable for obeying an instruction from MTA. Accordingly, based upon documentary evidence, we conclude that the Supreme Court correctly dismissed the complaint insofar as asserted against Chemical (CPLR 3211 [a] [7]; *Lejkowski v Petrou,* 178 AD2d 465, *supra).* Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.