■ PAPPAS & MARSHALL et al., Appellants, v A.J. ROSS LO-GISTICS, INC., et al., Respondents. [634 NYS2d 717] —In an action, inter alia, to recover unpaid legal fees, the plaintiffs appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Nassau County (Brucia, J.), dated April 20, 1992, which, inter alia, denied their cross motion for a hearing to determine whether process had been properly served and for related recovery, (2) so much of an order of the same court, dated October 26, 1992, as granted the branch of the motion of the defendants Xi-Tech, Inc., and Xi-Tec, Inc., which was to dismiss the 50th cause of action, and (3) so much of an order and judgment (one paper) of the same court, dated March 26, 1993, as awarded the defendants Xi-Tech, Inc., and Xi-Tec, Inc., the recovery of attorneys' fees in the sum of $4,240 payable by their receiver, John Marshall, personally, pursuant to 22 NYCRR 130-1.2, and denied the branch of their cross motion which was to replead the 50th cause of action asserted in their complaint.

Ordered that the orders dated April 20, 1992, and October 26, 1992, and the order and judgment, dated March 26, 1993, are affirmed insofar as appealed from, with one bill of costs payable to the defendants.

Although leave to serve a supplemental or amended pleading shall be freely granted (see, CPLR 3025 [b]), it is well settled that such a motion is committed to the sound discretion of the trial court, whose determination is not lightly to be set aside (see, Napoli v Canada Dry Bottling Co., 166 AD2d 696; Brown v Samalin & Bock, 155 AD2d 407, 408). Since the plaintiffs' proposed amended pleading in the present case consisted solely of bare legal conclusions, the court properly granted the branch of the motion of the defendants Xi-Tech, Inc. (hereinafter Xi-Tech), and Xi-Tec, Inc. (hereinafter Xi-Tec), which was to dismiss the plaintiffs' 50th cause of action, and properly denied

the plaintiffs' cross motion for leave to replead that cause of action *(see, Zigabarra v Falk,* 143 AD2d 901, 902; *SRW Assocs. v Bellport Beach Prop. Owners,* 129 AD2d 328, 331). Moreover, the plaintiffs failed to demonstrate by extrinsic evidence that by repleading the 50th cause of action they would be able to state a legally cognizable claim *(see, Zigabarra v Falk, supra,* at 902-903; *Penna v Caratozzolo,* 131 AD2d 738, 739).

The plaintiffs never obtained jurisdiction over Xi-Tec. Xi-Tech, as a subsidiary of Xi-Tec, could not be deemed Xi-Tec's involuntary agent for service of process *(see, Brandt v Volkswagen AG.,* 161 AD2d 1149, 1150). "A finding of agency for jurisdictional purposes will not be inferred from the mere existence of a parent-subsidiary relationship" *(Porter v LSB Indus.,* 192 AD2d 205, 213). Since Xi-Tech was not "performing the same activities (i.e., 'doing all the business') that [Xi-Tec] would have performed had it been doing or transacting business in New York", it could not be deemed to be a mere department or mere instrumentality of Xi-Tec *(Porter v LSB Indus., supra,* at 214-215).

The court did not improvidently exercise its discretion in ordering the plaintiffs' receiver to pay reasonable attorneys' fees to Xi-Tec and Xi-Tech incurred as a result of the receiver's frivolous conduct *(see,* 22 NYCRR 130-1.1 [a]). The plaintiffs' original complaint sought recovery of over $40,000 from Xi-Tec and Xi-Tech for legal services allegedly provided to them. Even after it was established that such services were neither provided to nor billed to Xi-Tech or Xi-Tech, the plaintiffs refused a request to discontinue these causes of action. Under the circumstances of this case, the receiver engaged in frivolous conduct by continuing to maintain these causes of action *(see,* 22 NYCRR 130-1.1 [c]). Joy, J. P., Hart, Goldstein and Florio, JJ., concur.