◼ NORBERT NARDONE et al., Appellants, v FLANAGAN, HALL, KELLY, RONAN & SPOLLEN et al., Respondents. [666 NYS2d 735] —In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered August 13, 1996, which (1) granted the defendants' respective motions for leave to serve amended answers interposing the affirmative defenses of ratification and collateral estoppel, (2) granted the defendants' respective motion and cross motion for summary judgment dismissing the complaint, and (3) denied the plaintiffs' cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the defendants' respective motion and cross motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the motion and cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs, Norbert Nardone and William J. Terranova, Jr., each owned one-third of the outstanding shares of a closely-held corporation known as Elegant Concepts, Ltd. (hereinafter Elegant). In 1984 the remaining one-third shareholder, Erling Kristiansen, filed a petition to dissolve Elegant pursuant to Business Corporation Law § 1104-a.

The plaintiffs retained the defendants to represent them in the dissolution proceeding. According to the plaintiffs, the defendants were instructed to invoke the provisions of Business Corporation Law § 1118 pursuant to which Elegant alone would elect to purchase Kristiansen's shares. The defendants, however, allegedly disregarded the plaintiffs' instructions that they not be subject to potential personal liability as a result of the election, and drafted a notice of election pursuant to which Elegant and the plaintiffs jointly elected to purchase Kristian-

sen's shares. The plaintiffs contend that shortly after the notice of election was sent out, they discovered that they were potentially personally liable thereunder, and they directed the defendants to rescind the notice as was then permissible (*see, Rey v Pan Am. Cash & Carry Corp.*, 152 AD2d 246). The defendants allegedly failed to do so. Kristiansen ultimately obtained a judgment against Elegant and the plaintiffs in the principal sum of $350,975 (*see, Matter of Kristiansen*, 137 AD2d 691).

In the legal malpractice action, the plaintiffs contend that the defendants were negligent in the manner in which they handled the dissolution proceeding and that the defendants' negligence was the basis of the judgment awarded to Kristiansen against the plaintiffs. The defendants contend, *inter alia*, that the plaintiffs placed no relevant limitations on the terms of the buy out and that they subsequently ratified the buy out by failing to raise any objections thereto until it became apparent that Kristiansen's shares would be valued at a much greater price than the plaintiffs had anticipated.

On the instant record, we conclude that numerous issues of fact are presented, including genuine issues of credibility, which must be resolved by the fact finder (*see, Spadaccini v Ritacco*, 186 AD2d 792; *Park Assocs. v Crescent Park Assocs.*, 159 AD2d 460; *Dowsey v Megerian*, 121 AD2d 497). Furthermore, factual issues preclude summary determination of the defendants' collateral estoppel claims. Accordingly, the Supreme Court erred in awarding the defendants summary judgment dismissing the complaint (*see, Lakeside Constr. v Depew & Schetter Agency*, 154 AD2d 513).

The plaintiffs' remaining contentions are without merit. Miller, J. P., Pizzuto, Goldstein and Florio, JJ., concur.