■ ANTHONY PAPPAS, Appellant, v GEORGE PASSIAS et al., Respondents, and CELE IOANNOU, Also Known as CECELIA IOANNOU, et al., Defendants. [707 NYS2d 178] —In an action, *inter alia*, to recover damages for fraud, libel, and breach of fiduciary duty, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated December 18, 1998, as granted those branches of the motion of Demetrios Coucouzes, a/k/a Archbishop Iakovos, Anthimos Panagiotopoulos, a/k/a Bishop Alexios, and the Green Orthodox Archdiocese of North and South America, Inc., and the separate motion by all the remaining defendants except Cele Ioannou, a/k/a Cecilia Ioannou and Constantine Designers and Builders, Ltd., which were pursuant to CPLR 3211 (a) (7) to dismiss the first through fifth, seventh through tenth, and thirteenth causes of action for failure to state a cause of action, and denied his cross motion for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff, a former parishioner at St. Nicholas Greek Orthodox Church of Flushing, Inc. (hereinafter the church), commenced this action against, among others, the church and various church officials in which he asserted thirteen causes of action based on conduct which allegedly constituted, *inter alia*, fraud, breach of fiduciary duty, and libel. The Supreme Court granted those branches of the respondents' respective motions which were pursuant to CPLR 3211 (a) to dismiss the complaint. On appeal, the plaintiff does not raise any issue as to the dismissal of the sixth, eleventh, or twelfth causes of action

in the complaint, which alleged intentional infliction of emotional distress and/or injury. We conclude that the remaining causes of action were properly dismissed by the Supreme Court.

In the first and tenth causes of action, the plaintiff failed to plead the elements of fraud with the particularity mandated by CPLR 3016 (b) (*see, Barclay Arms v Barclay Arms Assocs.,* 74 NY2d 644, 645-646; *Penna v Caratozzolo,* 131 AD2d 738, 739). Similarly, the plaintiff failed to adequately plead facts demonstrating the existence of a duty owed to him by the defendants or a fiduciary relationship which would support his claim for damages under the seventh and eighth causes of action (*see, Mack v Meier,* 251 AD2d 298; *Dove v L'Agence, Inc.,* 250 AD2d 435).

The second and third causes of action, in which the plaintiff alleged that certain defendants improperly interfered with his right to participate in an election for parish council and to continue his membership in the church, involve matters of an ecclesiastical nature, and the courts will not interfere (*see, Matter of Kissel v Russian Orthodox Greek Catholic Holy Trinity Church,* 103 AD2d 830; *see also, First Presbyt. Church v United Presbyt. Church,* 62 NY2d 110, 116-117, *cert denied* 469 US 1037).

The letter and church newsletter article on which the plaintiff's fourth and fifth causes of action to recover damages for defamation are based are not libelous per se and therefore special damages must be pleaded (*see, Meehan v Newsday, Inc.,* 54 AD2d 560; *see also, Liberman v Gelstein,* 80 NY2d 429, 434-435). Similarly, special damages is an essential element of the plaintiff's thirteenth cause of action based on prima facie tort and must be pleaded with sufficient specificity (*see, Freihofer v Hearst Corp.,* 65 NY2d 135, 142-143; *Curiano v Suozzi,* 63 NY2d 113, 117; *DiSanto v Forsyth,* 258 AD2d 497). Since the plaintiff failed to adequately plead special damages, these causes of action were properly dismissed.

New York does not recognize civil conspiracy to commit a tort as an independent cause of action (*see, Alexander & Alexander v Fritzen,* 68 NY2d 968; *Daly v Messina,* 267 AD2d 345; *McGahey v Topping,* 255 AD2d 562). Since the fraud cause of action was dismissed, the ninth cause of action, which alleged a conspiracy to defraud the plaintiff, was also properly dismissed.

The Supreme Court properly denied the plaintiff's cross motion for leave to serve an amended complaint (*see, Penna v Caratozzolo, supra*). O'Brien, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.