■ CANON FINANCIAL SERVICES, INC., Respondent, v MEDICO STATIONERY SERVICE, INC., et al., Appellants, et al., Counterclaim Defendants. [751 NYS2d 194] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered January 30, 2002, which, in an action for breach of an equipment lease for a copying machine, granted plaintiff lessor's motion for summary judgment against defendants lessee and guarantor, severed plaintiff's claim for attorneys' fees, and severed defendants' counterclaims against additional defendants manufacturer and supplier of the equipment, unanimously affirmed, with costs.

Plaintiff's motion for summary judgment was properly granted upon proof of nonpayment and in view of the subject agreement's provisions that plaintiff made no representations or warranties of any kind with respect to the copier, that

plaintiff was not the supplier, dealer or manufacturer of the copier, that any warranties made by the supplier, dealer or manufacturer were not part of the subject agreement, and that defendants would look solely to the supplier, dealer or manufacturer, and would continue to make the payments due under the lease, even if the copier was for any reason unsatisfactory. These provisions are typical of a finance lease as defined in UCC 2-A-103 (1) (g) (*see* UCC 2-A-103 [1] [g], Comment, McKinney's Cons Laws of NY, Book 62½, at 323), and indeed the subject agreement states that it was intended as such. It does not avail defendants that plaintiff and the copier's supplier are wholly owned subsidiaries of the manufacturer (*see id.* at 324), and no basis exists for piercing these affiliates' corporate veils. Nor does it avail defendants to argue that the 10-day period, measured from delivery, that they had under the lease to give written notice of rejection and thereby avoid the "hell or high water" clause (UCC 2-A-407) was unreasonable. Despite their many complaints about the copier virtually from the time of its delivery, defendants continued to use it for some eight months before giving clear notice that they wanted it removed from their premises, clearly more time than was reasonably needed to decide whether they wanted to keep it despite its alleged defects (UCC 2-A-515 [1] [b]; 2-A-509 [2]). Concur—Andrias, J.P., Saxe, Rosenberger, Lerner and Friedman, JJ.