█ PREFERRED CAPITAL, INC., Appellant, v PBK, INC., Doing Business as HOLLAND WILLOWS, et al., Respondents. [765 NYS2d 405] —Appeal from an order of Supreme Court, Erie County (Mahoney, J.), entered September 10, 2002, which denied plaintiff's motion seeking summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and judgment is ordered in accordance with the following memorandum: Supreme Court erred in denying plaintiff's motion seeking summary judgment. Plaintiff commenced this action to recover payments due under a lease agreement executed by defendant PBK, Inc., doing business as Holland Willows (PBK), and guaranteed by defendant Ronald A. Pilkington, covering an ATM terminal supplied by the Credit Card Center (CCC) (see generally UCC 2-A-103 [1] [g]). The original terminal broke down shortly after PBK leased it from plaintiff, and a replacement terminal supplied by CCC also broke down, after which CCC went bankrupt.

Plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law by submitting the lease agreement and proof of nonpayment (see Canon Fin. Serv. v Medico Stationery Serv., 300 AD2d 66 [2002]). The burden thus shifted to defendants to "demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for [their] failure" to do so (Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). Defendants opposed the motion on the basis of an unpleaded affirmative defense of fraud and collusion involving plaintiff and CCC.

Contrary to plaintiff's contention, an unpleaded affirmative defense may be invoked to defeat a summary judgment motion (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 182-183 [1982], rearg denied 57 NY2d 674 [1982];

*Denburg v Parker Chapin Flattau & Klimpl*, 213 AD2d 297 [1995], *mod on other grounds* 82 NY2d 375 [1993]; *see also Allen v Matthews*, 266 AD2d 782, 784 [1999]). Nevertheless, defendants' allegations of fraud and collusion are supported by nothing more than the unsubstantiated suspicion, expressed by Pilkington in his affidavit in opposition to the motion, that CCC was running a "Pyramid Scheme" for the benefit of plaintiff. "In opposing plaintiff's motion for summary judgment, it was incumbent upon the defendants to * * * state their version of the facts in evidentiary form. 'Bald conclusory assertions, even if believable, are not enough' " (*Ehrlich v American Moninger Greenhouse Mfg. Corp.*, 26 NY2d 255, 259 [1970], quoting *Kramer v Harris*, 9 AD2d 282, 283 [1959]; *see State of New York v Peerless Ins. Co.*, 67 NY2d 845, 848 [1986]). Furthermore, Pilkington's unsubstantiated allegation of an agency relationship between plaintiff and CCC is belied by the express provisions of the lease agreement (*see Federal Deposit Ins. Corp. v Jacobs*, 185 AD2d 913 [1992]; *Lejkowski v Petrou*, 178 AD2d 465 [1991]; *see also Zigabarra v Falk*, 143 AD2d 901, 902 [1988]).

In addition, defendants' "belief that additional discovery might reveal something helpful" in this case is insufficient to defeat plaintiff's motion (*Cooper v Milton Paper Co.*, 258 AD2d 614, 615 [1999]; *see Ostrander v Biel's Info. Tech. Sys. Corp.*, 299 AD2d 886, 887 [2002]). Although a motion for summary judgment may be opposed on the ground "that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]), "the opposing party must make an evidentiary showing supporting this conclusion, mere speculation or conjecture being insufficient" (*Pank v Village of Canajoharie*, 275 AD2d 508, 509 [2000]; *see Firth v State of New York*, 287 AD2d 771, 773 [2001], *affd on other grounds* 98 NY2d 365 [2002]). Defendants here failed to make the necessary evidentiary showing.

Thus, we reverse the order, grant plaintiff's motion and order that judgment be entered in favor of plaintiff in the amount of $17,639.86 together with interest at the rate of 9% (*see* CPLR 5004) commencing May 27, 2001, the date of the default. Present—Pigott, Jr., P.J., Pine, Wisner and Kehoe, JJ.