■ UNISTAR LEASING, DIV. OF UNITED COMPUTER CAPITAL CORP., Appellant, v MARK LIPKIN, Individually and Doing Busi-

ness as ARNOLD THRIFT SHOP, Respondent and Third-Party Plaintiff-Respondent. UNITED COMPUTER CAPITAL CORPORATION, Third-Party Defendant-Appellant. [784 NYS2d 423]—

Appeal from a judgment and order (one paper) of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered August 5, 2003 in a breach of contract action. The judgment and order denied the motion of plaintiff and third-party defendant for summary judgment.

It is hereby ordered that the judgment and order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and judgment is ordered in accordance with the following Memorandum: Plaintiff commenced this action to recover the balance allegedly due under an equipment finance lease (*see* UCC 2-A-103 [1] [g]) and personal guaranty executed by defendant, covering an ATM terminal supplied by Credit Card Center. Supreme Court erred in denying the motion of plaintiff and third-party defendant for summary judgment. "Plaintiff [and third-party defendant] met [their] initial burden of establishing [plaintiff's] entitlement to judgment as a matter of law by submitting the lease agreement and proof of nonpayment" (*Preferred Capital v PBK, Inc.*, 309 AD2d 1168, 1168 [2003]; *see Advanta Leasing Servs. v Laurel Way Spur Petroleum Corp.*, 11 AD3d 571 [2004]; *Canon Fin. Servs. v Medico Stationery Serv.*, 300 AD2d 66, 66-67 [2002]). Defendant failed to raise a triable issue of fact. Defendant was "obligated to honor the terms of the lease agreement with plaintiff irrespective of any difficulties with the [ATM terminal] or its supplier," Credit Card Center (*Leasecomm Corp. v Datalink Resources Corp.*, 1 Misc 3d 11, 12 [2003]; *see Canon Fin. Servs.*, 300 AD2d at 67; *General Elec. Capital Corp. v National Tractor Trailer School*, 175 Misc 2d 20, 30-31 [1997]). Further, defendant's unsubstantiated allegations of fraud, collusion and the existence of an agency relationship between plaintiff and Credit Card Center are "belied by the express provisions of the lease agreement" and are insufficient to raise a triable issue of fact (*Preferred Capital*, 309 AD2d at 1169). Defendant's belief that discovery might reveal facts to support those allegations is insufficient to defeat the motion (*see id.*).

Thus, we reverse the judgment and order, grant the motion and order that judgment be entered in favor of plaintiff in the amount of $16,567.40, together with interest at the rate of 9% (*see* CPLR 5004) commencing October 19, 2001, the date of the default, and attorney's fees in the amount of $3,079.51. Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Hayes, JJ.