Horvath v Red Frog Events, LLC (2024 NY Slip Op 02523)

Horvath v Red Frog Events, LLC

2024 NY Slip Op 02523

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-03684
 (Index No. 61655/18)

[*1]John Horvath, respondent,
v
Red Frog Events, LLC, appellant, et al., defendant.

Rosenbaum & Taylor, P.C., White Plains, NY (Scott P. Taylor and Tracy L. Frankel of counsel), for appellant.
John O'Gara, New York, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Red Frog Events, LLC, appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated March 13, 2020. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendant Red Frog Events, LLC (hereinafter the defendant), to recover damages for personal injuries that the plaintiff alleged he sustained in May 2016 during an obstacle course race when he slid down a water slide and hit his foot on something at the bottom of a water pit. The matter was joined for trial with a related action (see DiBuono v Red Frog Events, LLC, 2019 NY Slip Op 34732[U], *10 [Sup Ct, Westchester County] [hereinafter the related action]), in which the plaintiffs sought to recover damages for injuries they alleged they sustained arising out of their use of the defendant's water slide on the same date. According to the complaint in this action, the defendant designed the water slide and managed the obstacle course race. In this action, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated March 13, 2020, the Supreme Court, inter alia, denied the motion (hereinafter the March 2020 order). The defendant appeals. We affirm, albeit on different grounds.
Contrary to the determination of the Supreme Court, the doctrine of collateral estoppel, which precludes a party from relitigating in a subsequent action or proceeding an issue previously resolved in a prior action or proceeding and decided against that party or those in privity, is inapplicable here, as the issue decided in the related action was that triable issues of fact existed so as to preclude an award of summary judgment to the defendant in the related action (see DiBuono v Red Frog Events, LLC, 2019 NY Slip Op 34732[U], *10 [Sup Ct, Westchester County]; see also Spielman v Mehraban, 105 AD3d 943, 944). The plaintiff failed to show that the court's denial of the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it in the related action "'was necessary to support a valid and final judgment on the merits'" (Rosa v Triborough Bridge & Tunnel Auth., 218 AD3d 810, 812, quoting Conason v Megan [*2]Holding, LLC, 25 NY3d 1, 17). Thus, the court should not have denied the defendant's motion on collateral estoppel grounds (see Nardone v Flanagan, Hall, Kelly, Ronany & Spollen, 245 AD2d 554, 555).
Nonetheless, the March 2020 order should be affirmed, as the defendant failed to eliminate triable issues of fact as to whether the water slide at issue was safely designed and whether the defendant had notice of the alleged dangerous condition (see Johnson v Culinary Inst. Of Am., 95 AD3d 1077, 1079; Lucks v Lakeside Mfg., 305 AD2d 470, 470). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, the motion was properly denied without regard to the sufficiency of the plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Crt., 64 NY2d 851, 852).
The defendant's contention that its motion should be granted on the ground that the plaintiff could not identify the cause of his injury is improperly raised for the first time on appeal (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 362-363; Avenue Basin Mgt., Inc. v Wilmington Sav. Fund Socy., FSB, 211 AD3d 1003, 1004).
The defendant's remaining contention is without merit.
DUFFY, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court