David Dunn et al., Doing Business as Mercury Industries, et al., Plaintiffs, *v.* Commercial Union Insurance Co. of New York et al., Respondents, and Traynor-Marcus Agency, Inc., Appellant.

Third Department, March 15, 1967.

*Jerry, Lewis & Harvey* (*Norman L. Harvey* of counsel), for appellant.

*Bouck & Holloway* (*Warner M. Bouck* of counsel), for respondents.

*Robinson & Holcombe* for plaintiffs.

STALEY, JR., J. Defendant-appellant appeals from an order of the Supreme Court, Special Term, Saratoga County, which denied its motion to dismiss the cross complaint of the defendant-respondent insurance companies.

On April 24, 1963, the defendants-respondents (hereinafter referred to as the companies) each issued a policy of fire insurance in the sum of $76,666.67 insuring the plaintiffs against loss and damage by fire to stock, material, supplies, furniture, fixtures and machinery, but excluding machinery while located on the premises of any manufacturing plant owned or controlled by the said insureds.

The defendant-appellant (hereinafter referred to as the agency) acted as the agent for the three companies in negotiating the issuance of the policies. On December 5, 1963, while the policies of insurance were in full force and effect, the property of the plaintiffs was destroyed and damaged by fire in an amount in excess of $230,000, the total face amount of the three policies.

All of the policies were reporting form policies, and each contained a provision requiring the insured each month to report to the insurers the location of all property covered by the policy, and the total actual cash value of such property. The plaintiffs, acting under instructions from the agency's president, filed reports each month setting forth the value of their movable stock in trade, but did not report the actual value of other items of property insured under the policies.

On the basis of the value of property set forth in the reports, the companies offered to pay the sum of $160,510.85 in settlement of the loss which the plaintiffs refused, but which they have received by partial summary judgment in this action.

The policies also contained the following provisions: " At the time of any loss, if the insured has failed to file with this Company reports of values as above required this policy  *  *  *

shall cover only at the locations and for not more than the amounts included in the last report of values '' and '' No permission affecting this insurance shall exist, or waiver of any provisions be valid, unless granted herein or expressed in writing added hereto.''

In the complaint herein, the plaintiffs allege two causes of action. The first cause of action is against the companies for the payment of the full face amount of the policies by reason of the contract or based upon the acts of the agency as the duly authorized agent of the company in improperly advising the plaintiffs relative to their monthly reports.

The second cause of action is against the agency to recover whatever part of the full face amount of the policies they may fail to collect from the companies by reason of the errors, omissions, negligence and carelessness of the agency in improperly advising the plaintiffs relative to their monthly reports while acting as apparent agent of the companies.

In the cross complaint, the companies seek indemnity from the agency for the amount of any judgment obtained against them by the plaintiffs for the actual cash value of property other than the stock in trade. The companies contend that the extent of their liability is the actual cash value of property set forth in the final monthly report as filed.

The agency concedes that it must be assumed that its acts in advising plaintiffs as to reporting procedures were unauthorized and wrongful. The agency, however, contends that the cross complaint should be dismissed because there can be no recovery under a cross complaint where there is no damage.

If an agent exceeds his authority or risks the property of his principal without authority, he renders himself responsible to his principal for all loss or damage which naturally results from his unauthorized acts. (29 N. Y. Jur., Insurance, § 471.)

In our review of the pleadings, we reach no determination that a measure of damages actually exists in favor of the cross complainants. On the trial it may be found that the plaintiffs are entitled to payment of the full face amount of the policies by reason of the original contract and payment of the premium, in which event there would be no element of damages as a result of the agency's acts. However, if a judgment is obtained against the companies for the value of plaintiffs' property which was admittedly not reported as required by the policies, then such judgment could be based upon the wrongful acts of the agent acting under apparent authority, which resulted in plaintiffs' failing to comply with the reporting provisions of the policies.

A complaint will not be dismissed merely because it misstates

the measure of damage if the possibility of recovery upon a proper theory can be seen in the pleadings.

The cross complaint demands judgment over " for the amount of any such judgment and damages ", which could be read to mean one or more bases for damages. No final determination of such issue can be made until further development thereof by pretrial procedures or the trial itself (see *Winter* v. *American Aniline Prods.*, 236 N. Y. 199, 204; *Lurie* v. *New Amsterdam Cas. Co.*, 270 N. Y. 379, 381–382).

Since there is the possibility that the companies may be held liable to plaintiffs for the full face amount of the policies, and since such liability may be held to be the direct result of the agency's unauthorized acts, the element of damage may exist as to the companies, and the cross complaint is sufficient under CPLR 3019 (subd. [b]).

" A cross complaint is sufficient on its face, if the factual situation alleged is such that the answering defendant may be held liable to the plaintiff on a ground or theory which would entitle the defendant to be indemnified by a codefendant." (*Brady* v. *Weiss & Sons,* 6 A. D. 2d 241, 244.)

The order should be affirmed.

HERLIHY, J. P., AULISI, STALEY, JR., and GABRIELLI, JJ., concur in opinion by STALEY, JR., J.

Order affirmed, with costs.