■ FANTA-SEA SWIM CENTER, INC., Respondent, v ESTHER RABIN et al., Doing Business as RABIN & SCHEFF, Appellants and Third-Party Plaintiffs-Appellants, and ROYAL GLOBE INSURANCE COMPANY, Defendant and Third-Party Defendant-Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Defendant Rabin & Scheff appeals from a judgment, following a nonjury trial, which awarded plaintiff $16,212.36 plus interest as reimbursement for cargo and collision damages sustained by plaintiff. Rabin & Scheff contends that a contract of insurance was created between plaintiff and defendant Royal Globe Insurance Company obligating Royal Globe to indemnify plaintiff for its losses and in the event Rabin & Scheff is liable to plaintiff it should be indemnified by Royal Globe. We disagree.

Rabin & Scheff had no authority to bind Royal Globe except by the terms of an agency agreement which required written notice to Royal Globe of the issuance of any binders. Rabin & Scheff, having failed to provide such written notice, could not bind Royal Globe to provide plaintiff with the necessary coverage. Moreover, even if Royal Globe was liable to the plaintiff, Royal Globe would have an absolute right of indemnity against Rabin & Scheff because liability for plaintiff's losses was caused solely by Scheff's negligence in failing to request Royal Globe to provide the coverage desired by the plaintiff and by misrepresenting to plaintiff that coverage was obtained when in fact it was not *(see, Brown v Poritzky,* 30 NY2d 289, 292; *American Motorists Ins. Co. v Salvatore,* 102 AD2d 342, 346; *Riedman Agency v Meaott Constr. Corp.,* 90 AD2d 963, 964, *appeal dismissed* 58 NY2d 824). Under these facts, Royal Globe need not indemnify Rabin & Scheff because a negligent agent has no claim against his principal *(see,*

*Sutton v Cobb,* 50 AD2d 995). (Appeal from judgment of Supreme Court, Erie County, Flaherty, J.—breach of contract.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.