■ NEIL PLUMBING & HEATING CONSTRUCTION CORP., Respondent, v PROVIDENCE WASHINGTON INSURANCE COMPANY et al., Appellants, et al., Defendants.—In an action for a judgment declaring, *inter alia,* that the defendants Providence Washington Insurance Company and Anthony Libardi Insurance are obligated to indemnify the plaintiff within the limits of a certain liability insurance policy, (1) the defendant An-

thony Libardi Insurance appeals from so much of a judgment of the Supreme Court, Nassau County (Ain, J.), entered May 6, 1985, as, after a nonjury trial, is in favor of the defendant Providence Washington Insurance Company and against it on the latter's cross claim against it to the extent of holding it liable to Providence Washington Insurance Company for 50% of losses actually paid and 50% of the cost of providing a defense against certain claims; and (2) the defendant Providence Washington Insurance company separately appeals, as limited by its brief, from so much of the same judgment as, *inter alia,* declared it be obligated to defend and indemnify the plaintiff and failed to hold the defendant Anthony Libardi Insurance liable to it for 100% of losses actually paid and the cost of the defense.

Justice Brown has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the judgment is modified, on the law and the facts, by deleting the second decretal paragraph thereof, and substituting therefor a provision awarding judgment to the defendant Providence Washington Insurance Company on its cross claim to the extent of holding the defendant Anthony Libardi Insurance liable to the defendant Providence Washington Insurance Company for 100% of losses actually paid and the cost of providing a defense against certain claims. As so modified, the judgment is affirmed insofar as appealed from, with costs to Providence Washington Insurance Company payable by Anthony Libardi Insurance.

The evidence adduced at the nonjury trial of this declaratory judgment action established that the plaintiff Neil Plumbing & Heating Construction Corporation was primarily engaged in connecting homes to newly installed sewer lines in Westbury, Nassau County. Neil Scialli, a principal of the plaintiff corporation, sought to obtain liability insurance coverage for his business through the defendant Anthony Libardi Insurance, an agent of the defendant Providence Washington Insurance Company (hereinafter Providence). Scialli, who had known Anthony Libardi for several years, through business and on a social basis, advised Libardi that he intended to perform sewer connections as part of his plumbing business and required full coverage. Nevertheless, the insurance application prepared by Libardi simply described the hazard to be insured as plumbing, although Libardi either knew or should have known that the standard plumbing liability policy contained an exclusion for underground property damage. Moreover, Libardi either knew or should have known that Provi-

dence relied on its agents to determine what coverage was required by its insureds and to accurately state in each insurance application whether coverage was required for a risk that was ordinarily excluded. Thus, when Providence issued the policy to the plaintiff and sent it to Libardi, he noticed that the policy contained an underground property damage exclusion, but he passed the policy on to Scialli without advising him that there was no coverage for underground work. Thereafter, in the course of the plaintiff's sewer hook-up work, a natural gas pipeline was ruptured, causing an explosion which damaged the property of a number of persons who subsequently brought suit against the plaintiff. The instant action was precipitated by Providence's disclaimer of coverage for those losses.

Upon the foregoing evidence, we cannot say that the insurer waived its right to disclaim coverage or that it was equitably estopped from doing so. "The alternate doctrines of waiver or estoppel may not operate to create insurance coverage where none exists under the policy as written" (American Motorists Ins. Co. v Salvatore, 102 AD2d 342, 345; see also, Zappone v Home Ins. Co., 55 NY2d 131; Schiff Assoc. v Flack, 51 NY2d 692).

However, under fundamental principles of agency law, a principal may be held vicariously liable for the negligent acts of its agent committed in the course of the employment (Brown v Poritzky, 30 NY2d 289, 292), and a principal that is vicariously cast in damages as the result of its agent's negligence may be entitled to full indemnification from the agent, who was the actual wrongdoer (Brown v Poritzky, supra, at p 292; see also, County of Westchester v Becket Assoc., 102 AD2d 34, 47, affd 66 NY2d 642). Here, the proof established that the defendant agent negligently failed to apply for the coverage requested by the plaintiff and negligently represented that adequate coverage had been obtained when, in fact, the bulk of the plaintiff's business activities were excluded from coverage under the policy as issued (see, Brooks Agency v S.W.S. Constr., 100 AD2d 740; cf. Callahan v American Motorists Ins. Co., 56 Misc 2d 734). The agent's negligent representation to the plaintiff insured that its business activities were adequately covered bound the defendant insurer to provide the coverage which the insured justifiably believed he had purchased (see, Cees Rest. v Lobdell, 15 NY2d 275, 281; Nojaim Bros. v CNA Ins. Cos., 113 AD2d 109, 112; MacDonald v Carpenter & Pelton, 31 AD2d 952, 953), and the agent remains liable to its principal for the latter's loss resulting from the

agent's negligence *(see, Fanta-Sea Swim Center v Rabin,* 113 AD2d 1011; *Dunn v Commercial Union Ins. Co.,* 27 AD2d 240; *Panepinto v Allstate Ins. Co.,* 108 Misc 2d 1079, 1081). Thus, Providence must defend the plaintiff and indemnify it within the limits of the policy as issued, and the defendant agent must indemnify its principal for the entire amount of any losses paid and the cost of defending the various lawsuits brought against the plaintiff insured.

The defendant agent contends that even if it was negligent, it should not be required to indemnify its principal, because such negligence was not the proximate cause of the loss suffered by the insurer. Because Providence would have issued a policy without an underground property damage exclusion for an additional premium, the defendant agent argues, Providence's damages are limited to the difference between the premiums actually paid and those which should have been paid had the policy been issued without the exclusion *(see, American Motorists Ins. Co. v Salvatore,* 102 AD2d 342, 346, *supra; Home Mut. Ins. Co. v Broadway Bank & Trust Co.,* 76 AD2d 24, 28-29, *affd* 53 NY2d 568; *MacDonald v Carpenter & Pelton,* 31 AD2d 952, 953, *supra; Panepinto v Allstate Ins. Co., supra,* at p 1081). However, the evidence does not establish that Providence would have eliminated the exclusion for an additional premium had it been requested to do so. To the contrary, although representatives of the defendant Providence testified that it would, in certain cases, provide underground property damage coverage for an additional premium, it would probably not have done so in this case. Moreover, this is not a case in which the insurer is seeking damages from its agent for an injury or loss, the proximate cause of which was the agent's negligent performance of a duty owed to the insurer. Rather, the injury in this case was suffered by the plaintiff insured and was proximately caused by the negligent performance by the agent in its duty to the insured, and Providence merely seeks to be indemnified because it has been held vicariously liable to the insured for the injury or loss caused by the agent. Thus, Providence's recovery in this case does not require a showing of proximate cause, but is predicated upon the principle of indemnification which is a fundamental element of the principal-agent relationship. Lazer, J. P., Mangano, Bracken and Brown, JJ., concur.