■ JOHN B. GLEASON, Respondent, v TEMPLE HILL ASSOCIATES et al., Appellants, and NORFOLK AND DEDHAM MUTUAL FIRE INSURANCE COMPANY, Respondent. (And a Third-Party Action.)—In an action to recover on a fire insurance policy, the defendants Temple Hill Associates and Thomas Palumbo appeal from an order of the Supreme Court, Orange County (Hickman, J.), dated November 30, 1988, which, upon reargument of a motion by Temple Hill Associates and Thomas Palumbo for summary judgment which was granted in a prior order of the same court dated September 27, 1988, modified the order dated September 27, 1988 to the extent of reinstating the complaint as against these defendants only.

Ordered that the order is modified by deleting the provision

thereof which adhered to the original determination dismissing the complaint as against Norfolk and Dedham Mutual Fire Insurance Company and substituting therefor a provision reinstating the complaint as against Norfolk and Dedham Mutual Fire Insurance Company; as so modified, the order is affirmed, with costs to the appellants payable by Norfolk and Dedham Mutual Fire Insurance Company; and it is further,

Ordered that the order dated September 27, 1988 is modified accordingly.

The defendants Temple Hill Associates (hereinafter Temple Hill) and Thomas Palumbo, as agents for the defendant Norfolk and Dedham Mutual Fire Insurance Company (hereinafter Norfolk), issued a binder for a homeowner's policy to the plaintiff, contrary to Norfolk's instructions. While the binder purported to provide coverage for one family with two boarders, Norfolk's guidelines, issued to Temple Hill and Palumbo, did not cover boarders at all. It is clear from the record that Palumbo, who was the vice-president of Temple Hill, was fully aware of these guidelines as well as the fact that the plaintiff rented to boarders. Yet he instructed the plaintiff that, so long as the plaintiff's boarders were evicted before the date Norfolk carried out an inspection, the policy would provide coverage. Thereupon the plaintiff sent eviction notices to his boarders. However at a time when the boarders remained on the premises and prior to Norfolk's inspection and issuance of a policy, a fire occurred. Norfolk disclaimed coverage.

By order dated September 17, 1988, the Supreme Court dismissed the complaint as against all three defendants. However, on the plaintiff's motion to reargue, the court, by order dated November 30, 1988, reinstated the complaint as against the defendants Temple Hill and Palumbo only.

On appeal, Temple Hill and Palumbo contend that Norfolk, as their principal, must remain in the action under settled principles of principal/agency law.

We agree and find that the Supreme Court erred in reinstating the action with respect to Temple Hill and Palumbo while refusing to reinstate the complaint against Norfolk.

It is fundamental to the principal/agent relationship that an insurance company is liable to a third person for the wrongful or negligent acts and misrepresentations of its agent when made within the general or apparent scope of the agent's authority, although the acts or statements exceeded the agent's actual authority or disobeyed the principal's general or express instructions to the agent (see, 68 NY Jur 2d,

Insurance, § 483; *Neil Plumbing & Heating Constr. Corp. v Providence Washington Ins. Co.,* 125 AD2d 295, 297). Only when the agent is acting for his own purposes is the general rule of vicarious liability inapplicable *(see,* 68 NY Jur 2d, Insurance, § 483). On the other hand, the agent remains liable to the principal for the agent's negligence; indemnification also is a fundamental element of the principal-agent relationship *(Neil Plumbing & Heating Constr. Corp. v Providence Washington Ins. Co., supra,* at 298).

Applying these principles to the case at bar, it is clear Norfolk would be liable in the event that unauthorized acts of its agents Temple Hill and Palumbo, acting within the scope of their apparent, but not actual, authority, misled the plaintiff. In that event, Temple Hill and Palumbo would remain liable to Norfolk for any loss resulting from their negligence as Norfolk's agents *(Neil Plumbing & Heating Constr. Corp. v Providence Washington Ins. Co., supra,* at 298). Accordingly, all three defendants are necessary parties to the action. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.