■ Mount Vernon Fire Insurance Co., Plaintiff, v Arthur T. Mott, Defendant and Third-Party Plaintiff-Respondent. Ralph Dauch Agency et al., Third-Party Defendants-Appellants.

In August of 1987 the third-party defendant-appellant Ralph Dauch Agency, an insurance broker, procured a $1 million general liability policy from the Mount Vernon Fire

Insurance Company (hereinafter the carrier) on behalf of the defendant third-party plaintiff-respondent Arthur Mott, the owner of a residential apartment building. The premium quoted was based in part upon the insured's representation that the area of the insured premises was 44,000 square feet. Upon a subsequent inspection, the carrier found that the premises measured 216,000 square feet and, in February 1988, notified the insured of a resulting increase in premium. When the insured refused to pay the increased premium, the carrier canceled the policy and commenced the instant action to recover the premiums owed. In the third-party action against the broker for indemnification, the insured claimed that the broker knew of the increase in December 1987 and, without notifying him of the change, nonetheless arranged to have the then lapsed policy reinstated at the higher rate. The court denied the broker's motion to dismiss the third-party action for failure to state a cause of action. We reverse.

Contrary to the insured's contention on appeal, the facts of this case do not give rise to a claim for implied indemnity. The carrier is suing the insured for his breach of the insurance contract and is not seeking to hold him vicariously liable for any wrong of the broker (see, Dormitory Auth. v Caudill Rowlett Scott, 160 AD2d 179; City of Rochester v Holmsten Ice Rinks, 155 AD2d 939; SSDW Co. v Feldman-Misthopoulos Assocs., 151 AD2d 293; Trustees of Columbia Univ. v Mitchell/ Giurgola Assocs., 109 AD2d 449; County of Westchester v Becket Assocs., 102 AD2d 34, affd 66 NY2d 642). Furthermore, inasmuch as the insured himself occasioned the belated increase by underreporting the size of his property, he should not be heard to complain that his broker's failure to notify him of the increase sooner entitles him to indemnification.

We have examined the insured's remaining contentions and find them to be without merit. Kunzeman, J. P., Sullivan, Eiber and O'Brien, JJ., concur.