■ GENERAL ACCIDENT INSURANCE COMPANY, Respondent, v DAVID C. SMITH & ASSOCIATES, INC., et al., Appellants.—In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) a decision of the Supreme Court, Westchester County (Zeck, J.H.O.), dated January 16, 1990, which found that the plaintiff was entitled to recover from the defendants the principal sum of $150,000, and (2) a judgment of the same court, dated February 2, 1990, entered upon the decision, which is in favor of the plaintiff and against the defendants in the principal sum of $150,000.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The relationship between the corporate defendant agent and the plaintiff principal, General Accident Insurance Company (hereinafter General Accident), was formalized by a written agency agreement. Under its terms, whenever the agent wrote a binder for insurance coverage, it was obligated to send a copy of the binder to General Accident, within three business days following its issuance. The individual defendant, an employee of the defendant agent, issued a written binder of

insurance to a third party but, in contravention of the agreement, never sent a copy to General Accident.

Upon investigating the third party's application for the insurance, General Accident's underwriter discovered that there were too many risks involved and advised the defendants to replace the policy immediately. Although confirmation of the policy's replacement was communicated to General Accident in May 1985, neither defendant ever reclaimed the binder from the third party. The evidence established that if General Accident had been aware of the binder, it would have directly canceled the coverage, by written notice, pursuant to its customary business procedures.

A fire subsequently occurred at the third party's premises, and General Accident became liable for coverage, solely on the basis of the written binder. After settling the claim, General Accident sued the defendants for indemnification. The court found that the defendants' breach of the agency agreement was the sole and proximate cause of General Accident's loss and awarded General Accident the full amount of indemnification.

We agree that the defendants' conduct in breaching the agreement caused General Accident's loss and that General Accident was not responsible for the loss. Consequently, it was entitled to indemnification *(see, Gleason v Temple Hill Assocs.,* 159 AD2d 682; *Neil Plumbing & Heating Constr. Corp. v Providence Washington Ins. Co.,* 125 AD2d 295; *Fanta-Sea Swim Ctr. v Rabin,* 113 AD2d 1011; *Dunn v Commercial Union Ins. Co.,* 27 AD2d 240). Thompson, J. P., Rosenblatt, Miller and Copertino, JJ., concur.