■ RICHARD YOUNG et al., Plaintiffs, v MARC SHERMAN et al., Defendants. INSURANCE COMPANY OF NORTH AMERICA, Appellant, v MARC SHERMAN, Respondent. [602 NYS2d 622] — Order, Supreme Court, New York County (Seymour Schwartz, J.), entered July 8, 1992 which, after a hearing, determined that appellant, and not defendant-respondent, is responsible for the payment of $150,000 to plaintiffs, unanimously affirmed, with costs.

Appellant, admittedly the carrier for the insured's excess automobile liability insurance, was properly ordered to pay the disputed portion of the settlement amount. The evidence and the inferences to be drawn therefrom support the conclusion that appellant, by advising the insured in 1988 that he would be covered for all liability in excess of $100,000, is equitably estopped from asserting its factually questionable claim that the insured was required to carry $250,000 in primary coverage. The record shows that in reliance upon this advice and appellant's representations as to the defense of the injured party's action, the insured's privately retained counsel, to the insured's detriment, ceased his active participation in the conduct of that lawsuit for over two years until the appellant, in a reversal of position, insisted that its coverage was excess over $250,000 primary coverage. It also appears that the insured was prejudiced by appellant's belated change of position in the assertion of any claim he might have against his broker for bringing about the gap in coverage. Since appellant is equitably estopped, it cannot be heard to claim that no such coverage existed (see, Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co., 151 AD2d 207, 211). Concur—Sullivan, J. P., Carro, Ellerin, Kassal and Rubin, JJ.