■ AMERICAN NATIONAL FIRE INSURANCE COMPANY, Respondent, v HOWLAND LACLAIR ASSOCIATES, INC., Appellant. [624 NYS2d 320] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We agree with defendant that Supreme Court erred in refusing to dismiss the complaint and in finding that plaintiff insurer had a valid cause of action for indemnification. Plaintiff had issued an excess coverage policy at the request of defendant insurance agent. In its complaint, plaintiff alleged in a single cause of action that defendant was negligent and thereby breached its written agreement with plaintiff by failing to notify plaintiff of a change in coverage in the primary policy and by failing to cancel the excess policy when that change occurred. Those theories of liability, i.e., negligence and breach of contract, were dismissed as time barred. Plaintiff asserts on appeal that its "claim for implied indemnity arises out of the breach of the duty" owed by defendant, as agent, to plaintiff, its principal. Plaintiff failed to allege, however, that defendant breached a duty owed to a

third party, and thus agency principles do not apply *(see, Gleason v Temple Hill Assocs.,* 159 AD2d 682, 683-684; *see also, Service Sign Erectors Co. v Allied Outdoor Adv.,* 175 AD2d 761, 762-763, *appeal dismissed* 79 NY2d 823, *lv denied* 79 NY2d 754, *rearg denied* 79 NY2d 1041; *Fanta-Sea Swim Ctr. v Rabin,* 113 AD2d 1011; *cf., Mount Vernon Fire Ins. Co. v Mott,* 179 AD2d 626; *Neil Plumbing & Heating Constr. Corp. v Providence Wash. Ins. Co.,* 125 AD2d 295, 297-298). We modify the order on appeal, therefore, by granting defendant's motion to dismiss the complaint in its entirety. (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Dismiss Complaint.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.