■ CLAIRE RICHTER, Individually and as Parent and Guardian of JACQUELINE RICHTER, an Infant, et al., Plaintiffs, v 210 EQUITIES CORP. et al., Defendants. (Action No. 1.) DAWN SICKLES, Plaintiff, v 210 EQUITIES CORP. et al., Defendants and Third-Party Plaintiffs, et al., Third-Party Defendant. (Action No. 2.) CONTINENTAL INSURANCE COMPANY, as Successor of PATRICIA A. LOCKE, Plaintiff, v CLAIRE RICHTER et al., Defendants. (Action No. 3.) LUFKIN REALTY Co., Third-Party Plaintiff, v NATHAN BARUCH AGENCY, Third-Party Defendant and Fourth-Party Plaintiff-Appellant. PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Fourth-Party Defendant-Respondent. (Action No. 4.) [628 NYS2d 93] —Order, Supreme Court, New York County (Angela Mazzarelli, J.), entered on or about October 14, 1994, which, in relevant part, granted a motion by the fourth-party defendant for dismissal of the fourth-party complaint, unanimously affirmed, with costs.

As the fourth-party plaintiff insurance broker does not and cannot dispute, it cannot look to the insurer for indemnification of the amount it must pay to its client solely by reason of its own negligence (*Fanta-Sea Swim Ctr. v Rabin*, 113 AD2d 1011). A party will not be permitted to use artful pleading to salvage, by rewording, a cause of action that is fatally deficient (*see, Matter of Entertainment Partners Group v Davis*, 198 AD2d 63, 64). Concur—Rosenberger, J. P., Wallach, Rubin and Tom, JJ.