■ MARTON ZISOVICH, Plaintiff, v AETNA CASUALTY & SURETY COMPANY, Appellant, and EDWIN SHAFIER, Respondent. [638 NYS2d 124] —In an action for a judgment, *inter alia,* declaring that Aetna Casualty & Surety Company was obligated to defend and indemnify the plaintiff Marton Zisovich in an underlying negligence action, Aetna Casualty & Surety Company appeals from stated portions of an order of the Supreme Court, Kings County (Vaccaro, J.), dated November 17, 1994, which, among other things, denied its motion for summary judgment on its cross claim against the defendant Edwin Shafier for indemnification and/or contribution.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that triable issues of fact exist as to whether the defendant Edwin Shafier, an agent of Aetna Casualty & Surety Company (hereinafter Aetna), sent Aetna a change order to insure the plaintiff's 1985 Oldsmobile *(see,* CPLR 3212 [b]).

Moreover, inasmuch as Aetna does not deny that it would have issued coverage for the 1985 Oldsmobile for an additional

premium, any damages which Aetna may eventually be due are limited to the difference between the premiums actually paid and those which should have been paid had the 1985 Oldsmobile been added to the policy *(see, Neil Plumbing & Heating Constr. Corp. v Providence Wash. Ins. Co.,* 125 AD2d 295). Mangano, P. J., Thompson, Friedmann and Florio, JJ., concur.