■ LENOX REALTY, INC., et al., Respondents, v EXCELSIOR INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. C.W. MALE & SON, INC., Third-Party Defendant-Respondent. [679 NYS2d 749] —Cardona, P. J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 29, 1997 in Albany County, which, *inter alia*, granted plaintiffs' cross motion for summary judgment and declared that defendant Excelsior Insurance Company is obligated to defend and indemnify plaintiffs in an underlying action.

This appeal derives from a personal injury action in which Donald Bryant was injured when he slipped and fell on ice in a parking lot on property owned by plaintiff Lenox Realty, Inc. and managed by plaintiffs John J. Nigro and Nigro Companies (hereinafter collectively referred to as Nigro). Prior to the accident, Nigro entered into a contract with defendant A & W Contractors of Albany, Inc. to maintain the parking lot and provide ice and snow removal. The contract required that A & W obtain a liability insurance binder naming plaintiffs (Lenox and Nigro) as additional insureds. A & W obtained the binder from its insurance agent, third-party defendant (C.W. Male & Son, Inc.), on a liability insurance policy underwritten by defendant Excelsior Insurance Company.

Following Bryant's commencement of a personal injury action against various parties, including plaintiffs, plaintiffs made a demand upon Excelsior to defend and indemnify them in the action. When Excelsior refused, plaintiffs commenced this action seeking, *inter alia*, judgment declaring that

Excelsior was obligated to defend and indemnify them. Excelsior, in turn, commenced a third-party action against C.W. Male alleging, *inter alia*, that it acted without authority to bind insurance coverage naming plaintiffs as additional insureds on A & W's policy. In its answer to the third-party complaint, C.W. Male alleged as an affirmative defense that Excelsior's sole remedy was arbitration.

Following joinder of issue in the respective actions, C.W. Male moved, *inter alia*, for summary judgment declaring that Excelsior had a duty to defend and indemnify plaintiffs in the Bryant action and directing that the second cause of action alleged in the third-party complaint be submitted to binding arbitration. Excelsior, in turn, cross-moved, *inter alia*, for summary judgment dismissing plaintiffs' complaint. Plaintiffs cross-moved, *inter alia*, for summary judgment directing Excelsior to defend and indemnify them in the Bryant action. Supreme Court, *inter alia*, granted plaintiffs' cross motion and directed Excelsior and C.W. Male to proceed to arbitration on the claims raised in the third-party complaint. In ruling that Excelsior had a duty to defend and indemnify plaintiffs in the Bryant action, Supreme Court found that Excelsior was estopped from denying coverage by virtue of plaintiffs' receipt of and reliance upon the certificate of insurance issued by C.W. Male. Excelsior appeals.

We affirm. It is undisputed that, subsequent to discussions with A & W regarding the requirements of the subcontract, plaintiffs were provided with a liability insurance certificate, dated September 16, 1991, naming them as additional insureds. Steven Powers, Nigro's director of development, averred that this requirement was a routine part of Nigro's dealings with subcontractors. Stella Pastor, an employee of C.W. Male, testified that based upon A & W's request, C.W. Male issued the certificate naming plaintiffs as additional insureds. She further stated that it was routine procedure when adding a party as an additional insured on a policy to send the insurance company a copy of the certificate with the new designation. She averred that, in adding plaintiffs as additional insureds, C.W. Male acted within the authority conferred upon it by the agency agreement it had with Excelsior.

It is well settled that an insurer may be equitably estopped from denying coverage where the party for whose benefit the insurance was procured reasonably relied upon the provisions of an insurance certificate to that party's detriment (*see, Zurich Ins. Co. v White*, 221 AD2d 700, 703, *lv denied* 88 NY2d 804; *Young v Sherman*, 197 AD2d 450, *lv denied* 83 NY2d 752;

*Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.*, 151 AD2d 207, 210-211; *see also, Matter of Tavano v Tavano Enters.*, 227 AD2d 836, *lv dismissed* 88 NY2d 1018). Notably, the situation presented in the case at hand is analogous to *Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co. (supra)*. In that case, an insurance company denied coverage to a contractor who had been named as an additional insured on a subcontractor's liability insurance binder claiming that the designation was a "clerical error". This Court affirmed Supreme Court's finding that the insurance company was equitably estopped from denying coverage due to the contractor's reliance upon the certificate of insurance.

Excelsior contends that *Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co. (supra)* is distinguishable because the insurance company in that case had knowledge of the plaintiff's requirement that it be named as additional insured. In our view, that distinction is insignificant. Regardless of whether Excelsior knew of plaintiffs' request, the fact remains that plaintiffs were provided with a certificate naming them as additional insureds and permitted A & W to proceed with its work under the contract in reliance on this certificate. Inasmuch as the agency agreement specifically provided that C.W. Male was authorized to bind insurance, including any policy amendments, for Excelsior, C.W. Male, at the very least, had apparent authority to act on behalf of Excelsior in issuing the subject certificate (*see generally, Gleason v Temple Hill Assocs.*, 159 AD2d 682, 683; *Nojaim Bros. v CNA Ins. Cos.*, 113 AD2d 109, 112-113). Whether C.W. Male exceeded the scope of its authority or failed to follow the proper procedure in adding plaintiffs as additional insureds are matters between C.W. Male and Excelsior which are properly the subject of arbitration under the agency agreement (*see, e.g., Matter of Amica Mut. Ins. Co. v Salecker*, 212 AD2d 865). Finally, while the language of the certificate contains language to the effect that the certificate "does not amend, extend or alter the coverage afforded by the policies below", that statement does not alter our conclusion that equitable estoppel applies (*see, Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co., supra*, at 207). We have considered Excelsior's remaining contentions and find them to be without merit.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with one bill of costs.