SEVENSON ENVIRONMENTAL SERVICES, INC., et al., Respondents, v SIRIUS AMERICA INSURANCE COMPANY, Also Known as SIRIUS INSURANCE COMPANY, Appellant, and THOMAS JOHNSON, INC., Respondent. [902 NYS2d 279]—

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered May 20, 2009 in a declaratory judgment action. The judgment granted those parts of the cross motions of plaintiffs and defendant Thomas Johnson, Inc. seeking a declaration that de-

fendant Sirius America Insurance Company, also known as Sirius Insurance Company, is obligated to defend and indemnify plaintiffs in the underlying action.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and those parts of the cross motions seeking summary judgment declaring that defendant Sirius America Insurance Company, also known as Sirius Insurance Company, is obligated to defend and indemnify plaintiffs in the underlying action are denied.

Memorandum: Plaintiffs, Sevenson Environmental Services, Inc. (Sevenson) and the Goodyear Tire and Rubber Company (Goodyear), commenced this action seeking, inter alia, a declaration that defendant Sirius America Insurance Company, also known as Sirius Insurance Company (Sirius), is obligated to defend and indemnify them in an underlying personal injury action. We note at the outset that we determined on a prior appeal that, inter alia, Sirius validly disclaimed coverage for defendant Thomas Johnson, Inc. (TJI) in the underlying action based on TJI's late notice of the construction accident from which the underlying action arose (*Sevenson Envtl. Servs., Inc. v Sirius Am. Ins. Co.*, 64 AD3d 1234 [2009], *lv dismissed* 13 NY3d 893 [2009]). We now agree with Sirius on this appeal that Supreme Court erred in agreeing with plaintiffs that Sirius is estopped from denying coverage to plaintiffs as additional insureds under the policy issued to TJI and thus in granting those parts of the cross motions of plaintiffs and TJI seeking a declaration that Sirius is obligated to defend and indemnify plaintiffs in the underlying action.

The first issue before us is whether plaintiffs are in fact named additional insureds. In support of their cross motion, plaintiffs submitted a certificate of insurance providing that "Sevenson . . . , the Project's Owner and Engineer, and their respective officers, employees and agents are named as additional insureds on a direct, primary and non-contributory basis." They also submitted an additional insured endorsement naming persons or organizations "as on file with company." In opposition to the motion, Sirius raised an issue of fact by submitting an affidavit from an employee of its third-party claims administrator, UTC Risk Management Services, Inc. (UTC), who averred that TJI's underwriting file did not contain any request or notice to name plaintiffs as additional insureds on the policy. Although Sirius contends on appeal that it is entitled to summary judgment declaring that it is not obligated to defend or indemnify plaintiffs in the underlying action (*see* CPLR 3212 [b]), we conclude that the fact that UTC did not

locate any documentation in TJI's underwriting file is, by itself, insufficient to establish as a matter of law that neither Sirius nor one of its agents possesses documentation naming plaintiffs as additional insureds (*cf. Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198 [2004]; *ADF Constr. Corp. v Home Insulation & Supply*, 237 AD2d 915, 916 [1997]).

Contrary to the court's determination in granting judgment in favor of plaintiffs, we conclude that there is an issue of fact whether Sirius is estopped from denying additional insured coverage to plaintiffs. It is well established that a certificate of insurance, by itself, does not confer insurance coverage, particularly under the circumstances of this case, in which the certificate expressly provides that it "is issued as a matter of information only and confers no rights upon the certificate holder [and] does not amend, extend or alter the coverage afforded by the policies listed below," e.g., the general liability policy. "A certificate of insurance is only evidence of a carrier's intent to provide coverage but is not a contract to insure the designated party nor is it conclusive proof, standing alone, that such a contract exists" (*Tribeca Broadway Assoc.*, 5 AD3d at 200; *see School Constr. Consultants, Inc. v ARA Plumbing & Heating Corp.*, 63 AD3d 1029, 1030-1031 [2009]; *Home Depot U.S.A., Inc. v National Fire & Mar. Ins. Co.*, 55 AD3d 671, 673 [2008]).

Nevertheless, an insurance company that issues a certificate of insurance naming a particular party as an additional insured may be estopped from denying coverage to that party where the party reasonably relies on the certificate of insurance to its detriment (*see Lenox Realty v Excelsior Ins. Co.*, 255 AD2d 644, 645-646 [1998], *lv denied* 93 NY2d 807 [1999]; *Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.*, 151 AD2d 207, 210-211 [1989]). For estoppel based upon the issuance of a certificate of insurance to apply, however, the certificate must have been issued by the insurer itself or by an agent of the insurer (*see Tribeca Broadway Assoc.*, 5 AD3d at 200; *Niagara Mohawk Power Corp. v Skibeck Pipeline Co.*, 270 AD2d 867, 869 [2000]; *Lenox Realty*, 255 AD2d at 646; *see also American Ref-Fuel Co. of Hempstead v Resource Recycling*, 248 AD2d 420, 423-424 [1998]).

We conclude that plaintiffs did not meet their initial burden on the cross motion with respect to estoppel of establishing that the certificate of insurance was issued by Sirius or an authorized agent of Sirius. Plaintiffs submitted evidence that Overdorf Associates Agency, Inc. (Overdorf), TJI's insurance broker, issued the certificate of insurance naming them as additional insureds on the TJI policy. An employee of Overdorf

testified at his deposition that North Island Facilities, Ltd. (NIF) authorized him to issue the certificate of insurance, and that NIF is an agent of record for Sirius. It is undisputed, however, that Overdorf is not an authorized agent of Sirius, and we conclude that the deposition testimony of Overdorf's employee, by itself, is insufficient to establish an agency relationship between Sirius and NIF.

Finally, we reject the further contention of Sirius that it is entitled to summary judgment on the issue of estoppel pursuant to CPLR 3212 (b). In opposition to plaintiffs' cross motion on the issue of estoppel, Sirius submitted an affidavit from an employee of UTC stating that neither NIF nor Overdorf is an agent of Sirius. Sirius, however, failed to present evidence or deposition testimony from any person from its own company or from NIF addressing the precise nature of the relationship between the two companies.

In light of our determination that there are issues of fact with respect to whether plaintiffs are indeed named additional insureds under the insurance policy and, if not, whether Sirius is estopped from denying coverage based upon the certificate of insurance, we decline to address the remaining issues raised by Sirius on appeal.

To the extent that the court determined that Sirius failed to provide timely notice of its disclaimer to Sevenson and/or Goodyear as claimants, we conclude that such a determination is premature. Pursuant to Insurance Law § 3420 (a) (2), an injured claimant has a direct cause of action against an insurer only after the injured claimant first obtains a judgment against the insured (*see Lang v Hanover Ins. Co.*, 3 NY3d 350, 354-355 [2004]). Here, neither Goodyear nor Sevenson has obtained a judgment against TJI, and thus both plaintiffs "have failed to fulfill the condition precedent" to seek relief directly from Sirius (*id.* at 355). Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.