■ Bicounty Brokerage Corp., Respondent, v Burlington Insurance Company, Appellant, and Buckingham Badler Associates, Respondent, et al., Defendants. [931 NYS2d 99]—

The defendant Buckingham Badler Associates (hereinafter Buckingham) was a surplus lines wholesale insurance broker with whom the defendant Burlington Insurance Company (hereinafter Burlington) had contracted to act as a general managing agent. In or around November 2001, nonparty P&T Contracting Corp. (hereinafter P&T) retained the plaintiff, Bicounty Brokerage Corp. (hereinafter Bicounty), to procure commercial general liability insurance. To procure the requested coverage, Bicounty contacted Buckingham, dealing with Buckingham employee Frank Scotto. Bicounty submitted an application for insurance directly to Scotto, who issued what purported to be a document binding an insurance policy on behalf of Burlington providing coverage to P&T for the period of November 30, 2001, through November 2002 (hereinafter the alleged binder).

Subsequently, numerous personal injury actions (hereinafter collectively the underlying actions), were commenced against P&T for accidents that occurred in P&T's work area. Burlington denied coverage with respect to the underlying actions on the ground that it had never issued an insurance policy to P&T. Upon denial of coverage, Bicounty allegedly provided defense and indemnification in the underlying actions.

Bicounty commenced this action seeking, inter alia, a judgment declaring that Burlington was obligated to defend and indemnify P&T in the underlying actions and, as against Buckingham, to recover damages for negligence and breach of contract. Burlington moved, in effect, for summary judgment dismissing the complaint insofar as asserted against it for lack of capacity or lack of standing to sue, for summary judgment declaring that it had no obligation to defend and indemnify P&T in the underlying actions, and for summary judgment on its cross claim for indemnification against Buckingham. The Supreme Court granted those branches of Burlington's motion which were, in effect, for summary judgment declaring that it was not obligated to defend and indemnify P&T in eight of the underlying actions because Burlington was provided with late notice of those claims. However, the Supreme Court denied the remaining branches of Burlington's motion. Burlington appeals, and we affirm the order insofar as appealed from.

Burlington concedes that it waived the defense of lack of capacity to sue based on Bicounty's prior dissolution as a corporation by failing to raise that defense in its answer or in a motion to dismiss made prior to answering (see CPLR 3211 [a] [3]). We decline Burlington's request to grant it leave to amend its answer to include that affirmative defense at this stage, because Bicounty has shown that it would be prejudiced by such amendment at this time.

Nor is there merit to Burlington's contention that Bicounty lacks standing to bring this action, since Bicounty is not the party insured under the subject policy. Bicounty allegedly provided the intended insured, P&T, with a defense and indemnification in the underlying cases when Burlington refused to defend and indemnify P&T. As such, Bicounty has standing to bring this action (see Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc., 45 AD3d 792, 795 [2007]; Tiffany at Westbury Condominium v Marelli Dev. Corp., 40 AD3d 1073, 1077 [2007]).

Moreover, the Supreme Court properly denied those branches of Burlington's motion which were, in effect, for summary judgment declaring that it was not obligated to defend and indemnify P&T in three of the underlying actions. Burlington failed to meet its initial burden of establishing, prima facie (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), that Buckingham lacked actual authority to act on behalf of Burlington. There are triable issues of fact as to whether Scotto, as Buckingham's employee, had the actual authority to act on behalf of Burlington in giving a binding insurance policy to Bicounty.

In addition, Burlington failed to establish, prima facie, that Buckingham lacked apparent authority to act on behalf of Burlington. " 'It is fundamental to the principal/agent relationship that an insurance company is liable to a third person for the wrongful or negligent acts and misrepresentations of its agent when made within the general or apparent scope of the agent's authority, although the acts or statements exceeded the agent's actual authority or disobeyed the principal's general or express instructions to the agent' " (*Bedessee Imports, Inc. v Cook, Hall & Hyde*, 45 AD3d at 795, quoting *Gleason v Temple Hill Assoc.*, 159 AD2d 682, 683 [1990]; *see Tucci v Hartford Cas. Ins. Co.*, 167 AD2d 387, 388 [1990]). " 'Only when the agent is acting for his own purposes is the general rule of vicarious liability inapplicable' " (*Bedessee Imports, Inc. v Cook, Hall & Hyde*, 45 AD3d at 795, quoting *Gleason v Temple Hill Assoc.*, 159 AD2d at 684). Burlington failed to offer any evidence that Scotto was acting "for his own purposes" in sending Bicounty the quote sheet and then indicating that the insurance policy had been obtained. Rather, notwithstanding that Scotto's "acts or statements [may have] exceeded [his] actual authority or disobeyed [Burlington's] general or express instructions," in, inter alia, processing, or partially processing, an incomplete application, Burlington failed to establish, prime facie, that Scotto was not acting, or did not appear to be acting, "within the general scope of [Buckingham's] actual authority under the agency agreement" (*Bedessee Imports, Inc. v Cook, Hall & Hyde*, 45 AD3d at 795 [internal quotation marks omitted]). Scotto's deposition testimony that it was his usual practice to obtain coverage from Burlington based on the same type of application and alleged binder as was used in the instant matter was not insufficient to create a triable issue of fact as to Buckingham's authority to represent the insurer (*see Warnock Capital Corp. v Hermitage Ins. Co.*, 21 AD3d 1091, 1094 [2005]; *Rendeiro v State-Wide Ins. Co.*, 8 AD3d 253 [2004]; *U.S. Delivery Sys. v National Union Fire Ins. Co. of Pittsburgh, Pa*, 265 AD2d 402 [1999]).

Moreover, Burlington failed to establish its prima facie entitlement to judgment as a matter of law on its cross claim for indemnification against Buckingham. Burlington contends that it is entitled to indemnification from Buckingham because Buckingham breached agreements between Buckingham and Burlington. "[A] a principal that is vicariously cast in damages as the result of its agent's negligence may be entitled to full indemnification from the agent, who was the actual wrongdoer" (*Neil Plumbing & Heating Constr. Corp. v Providence Washington Ins. Co.*, 125 AD2d 295, 297 [1986]). However, contrary to

Burlington's contention, it failed eliminate all triable issues of fact as to whether Buckingham acted negligently by allegedly violating the agreements between it and Burlington. Similarly, Burlington failed to eliminate all triable issues of fact as to whether Buckingham exceeded the scope of its authority in issuing the subject alleged binders (*cf. General Acc. Ins. Co. v Smith. & Assoc.*, 184 AD2d 616 [1992]).

Buckingham's remaining contention is not properly before this Court. Skelos, J.P., Dickerson, Leventhal and Lott, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30541(U).]**