State Farm Indemnity Co., as Subrogee of Yvonne Severini, Respondent, 
against
Parking Systems Valet Service and Cusimano Russo Funeral Home, Appellants.




Stephen David Fink, Esq., for appellants.
Law Offices of Serpe, Andree & Kaufman (Jonathan H. Kaufman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered May 12, 2017. The order granted plaintiff's motion for summary judgment on the issue of liability.




ORDERED that the order is affirmed, without costs.
In this subrogation action to recover insurance benefits plaintiff had paid to its subrogor for damages caused to the subrogor's vehicle, plaintiff moved for summary judgment as to liability, which motion defendants opposed. Defendants appeal from an order of the Civil Court entered May 12, 2017 granting plaintiff's motion.
In support of its motion for summary judgment, plaintiff submitted an affidavit by its subrogor, who stated that she had delivered her vehicle to a valet employed by defendant Parking Systems Valet Service (Parking Systems), which was parking vehicles at defendant Cusimano Russo Funeral Home (funeral home). When she went to retrieve her vehicle, she observed the valet damage her vehicle by twice driving it into a fence. She subsequently contacted Parking Systems, which told her to file a claim and indicated that it "would take care of all damages." After the subrogor did not hear back from Parking Systems, she filed a claim with plaintiff, her insurance company, and her damages totaled $4,621.22, not including her $500 deductible. These allegations were sufficient to demonstrate, prima facie, the existence of a bailment and the creation of a presumption of negligence (see Chubb & Son v Edelweiss, 258 AD2d 345 [1999]; Chait v Town Hall, LLC, 32 Misc 3d 131[A], 2011 NY Slip Op 51326[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). In addition, it is well settled that a principal is liable to a third person for the negligent acts of its agent when the acts are made within the general or apparent scope of the agent's authority (see e.g. Taylor v Point at Saranac Lake, Inc., 135 AD3d 1147, [*2]1148 [2016]; Bicounty Brokerage Corp. v Burlington Ins. Co., 88 AD3d 833, 835 [2011]).
The burden then shifted to defendants to establish the existence of a material issue of fact requiring a trial of the action (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Chubb & Son v Edelweiss, 258 AD2d 345; Chait v Town Hall, LLC, 32 Misc 3d 131[A], 2011 NY Slip Op 51326[U]; Dixon v X-Treme Body & Fender, Inc., 20 Misc 3d 130[A], 2008 NY Slip Op 51422[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; see also 62 NY Jur 2d, Garages § 110). In an affirmation submitted in opposition to plaintiff's motion, defendants' attorney stated that "defendants did not employ the valet that (apparently) caused the incident." In an affidavit in opposition to the motion, Mark Baron, who does not identify himself or his relationship to either defendant, stated that neither Parking Systems nor the funeral home had caused the accident or were responsible for the parking of the subrogor's vehicle on the date of the loss. Mr. Baron further stated that Parking Systems has no employees, and is "not an actual 'entity.' " In our opinion, the unsubstantiated and conclusory allegations by defendant's attorney, who has no personal knowledge of the facts, and Mark Baron, a person whose relationship to either defendant is unknown, are insufficient to establish a material issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Accordingly, the order is affirmed. 
WESTON, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 07, 2018